CURTISS-WRIGHT CORPORATION, Respondent, v. VILLAGE OF GARDEN CITY, Appellant.— In an action for a declaratory judgment that a zoning ordinance of the defendant village is void as to plaintiff because (1) plaintiff had a nonconforming use pre-existing the enactment of the ordinance, and (2) the ordinance is unconstitutional as confiscatory of its property, judgment was entered in favor of the plaintiff. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The finding that plaintiff had not abandoned the nonconforming use of the property involved is against the weight of the evidence. At the time of the commencement of this equitable action, the application for the permit for the nonconforming use had been denied, but subsequently the permit was granted and was in force at the time of the entry of the decree. A renewal of that permit is presently in force. We hold that the ordinance is constitutional, but since equity speaks as of the time of the decree, plaintiff at that time. was not in a position to attack the constitutionality of the ordinance. (*Arverne Bay Construction Co.*

v. *Thatcher*, 278 N. Y. 222; *People* v. *Calvar Corporation*, 286 N. Y. 419.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lewis, P. J., Johnston, Adel and Nolan, JJ., concur; Aldrich, J., dissents and votes to affirm the judgment on the ground that plaintiff had not abandoned the nonconforming use, and that the zoning ordinance is unconstitutional. Settle order on notice. [185 Misc. 508.]