THOMAS GAUTHIER et al., Respondents, *v.* VILLAGE OF LARCH-MONT, Appellant; NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.

Second Department, July 8, 1968.

*Rathkopf & Rathkopf (Arden H. Rathkopf* of counsel), for appellant.

*King, Edwards & O'Connor* (*Eugene J. McGuinness* of counsel), for Thomas Gauthier and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Philip Weinberg* and *Samuel A. Hirshowitz* of counsel), for New York State Liquor Authority and another, respondents.

BRENNAN, J. The appellant village by way of its counterclaim sought a judgment declaring that the plaintiffs have no vested right to use their premises as a hotel or restaurant or to maintain a bar therein and enjoining such use. The State Liquor Authority and the Westchester County Alcoholic Beverage Control Board were made parties defendant by the village's supplemental summons pursuant to sections 42 and 124 of the Alcoholic Beverage Control Law.

The record discloses that the subject premises are encumbered by restrictive covenants dating back to 1876. The covenants run with the land and the plaintiffs took the property expressly subject to them. The restrictions provide in part that the premises shall not be used as a " bar room, lager beer saloon, restaurant, ale house, liquor saloon * * * or establishment for any business whatsoever ". Despite the restrictions, the premises have been operated continuously as a hotel for over 80 years and a portion thereof had been used as a bar prior to 1919. From 1919 to 1933, although the hotel remained in operation, the bar was closed because of the National Prohibition Act. However, the equipment therein remained intact and that portion of the hotel was used for storage.

In 1921 the village enacted its first zoning ordinance, which provided in part that no building in the area " shall be used * * * as * * * [a] hotel ". In 1933 the bar portion of the hotel resumed operations and was continuously so used until 1957 when a predecessor in title voluntarily discontinued the sale of liquor. In 1954 the village enacted a zoning regulation which provided that a nonconforming use " discontinued for six months " cannot be resumed. The plaintiffs purchased the property in 1963 for $175,000 and made substantial improvements therein. In 1964 they obtained a liquor license and resumed liquor sales in the barroom. The testimony established that during the 1957–1963 period that the bar had not been in use the barroom remained " exactly " the same as prior to 1957.

The village contends that, since the premises have been used in violation of the restrictive covenants, the uses could not gain the status of vested nonconforming uses which would permit their continuance after the adoption of the zoning ordinance of 1921 (citing *Cohen* v. *Rosevale Realty Co.,* 120 Misc. 416, affd. 206 App. Div. 681; *Cohen* v. *Rosevale Realty Co.,* 121 Misc. 618,

affd. 211 App. Div. 812; *Matter of G. M. L. Land Corp.* v. *Foley,* 20 A D 2d 645, affd. 14 N Y 2d 823).

The cited cases are inapplicable. While they rest on their own peculiar facts, it is clear that there is one crucial element absent here that was present there. In those cases one of the parties to the proceedings was a covenantee who could enforce the restrictive covenants, but here there is no such covenantee present (see *People ex rel. Wolff* v. *Margolies,* 166 Misc. 135). Moreover, a stranger to the deed can enforce a restrictive covenant therein only where he establishes that it was made for his benefit or that he has an equitable right based on the existence of a common plan of development (*Steinmann* v. *Silverman,* 14 N Y 2d 243; *Bristol* v. *Woodward,* 251 N. Y. 275; 13 N. Y. Jur., Covenants & Restrictions, § 113). We have concluded that, absent proof to the contrary, since the village was not in existence when the covenants were created, it lacks standing to enforce the restrictions contained in the private contract (*People ex rel. Wolff* v. *Margolies, supra*). Accordingly, the uses prior to the 1921 ordinance can be the basis for claiming rights on the theory of vested nonconforming uses.

The village further contends that the bar does not have status as a vested nonconforming use because it was not being used when the ordinance was enacted. However, the contention is meritless in a situation where the principal use was in existence prior to the zoning ordinance and was not abandoned (cf. *Curtiss-Wright Corp.* v. *Incorporated Vil. of Garden City,* 270 App. Div. 936, affd. 296 N. Y. 839; *Knickberbocker Ice Co.* v. *Sprague,* 4 F. Supp. 499). We are of the opinion that the nonconforming use attached to the hotel as an entity and the latter embodies the bar as an accessory use (see *Matter of 140 Riverside Drive* v. *Murdock,* 276 App. Div. 550; 1 Rathkopf, Zoning and Planning [3d ed.], pp. 23-1 to 23-16). Clearly, the service of liquor refreshment is inseparable from a modern hotel and as a matter of law a bar therein is an accessory use (*Matter of Sawdey,* 369 Pa. 19; see *Matter of De Mott* v. *Notey,* 3 N Y 2d 116; *Buffalo Park Lane* v. *City of Buffalo,* 162 Misc. 207). Consequently, as the hotel continued operations during 1919–1933, the right to resume liquor sales was not abandoned. Cessation of the accessory use caused by circumstances beyond the control of the user is not sufficient to establish abandonment (2 Rathkopf, Zoning and Planning [3d ed.], pp. 61-9, 61-11). There was no voluntary or affirmative act evincing an intention to relinquish the right to resume operations of the nonconforming accessory use (*City of Binghamton* v. *Gartell,* 275 App. Div. 457).

We are also of the opinion that there was not an abandonment due to the voluntary termination of liquor sales during the years of 1957–1963. It has been held that, where a zoning ordinance provides for the termination of a nonconforming use after discontinuance for a reasonable specified period, the elements of abandonment of the use need not be established (*Matter of Franmor Realty Corp.* v. *Le Boeuf,* 279 App. Div. 795, mot. for lv. to app. den. 279 App. Div. 874). However, in *Franmor* the entire use had been discontinued while here the principal use was never discontinued. For these reasons the resumption of liquor sales in 1964 was not an extension of the nonconforming use (*Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39; *New York Trap Rock Corp.* v. *Town of Clarkstown,* 3 N Y 2d 844, affg. 1 A D 2d 890; *Turetsky* v. *City of Long Beach,* 19 A D 2d 902). The resumption of that activity did not cause a fundamental change in the use (cf. *Town of Onondaga* v. *Hubbell,* 19 Misc 2d 999, affd. 9 A D 2d 1024, revd. as moot 8 N Y 2d 1039), as liquor had been lawfully sold on the premises before and we have earlier concluded that such activity constitutes an essential and integral part of the principal use (*Matter of Sawdey,* 369 Pa. 19, *supra*).

The village proffers that it is the spirit and intent of the zoning ordinance to eliminate any vested nonconforming uses. However, absent a reasonable statutory amortization period (*Matter of Harbison* v. *City of Buffalo,* 4 N Y 2d 553), nonconforming uses will be protected where substantial financial loss would accrue to the user were the ordinance enforced (*Town of Somers* v. *Camarco,* 308 N. Y. 537; *People* v. *Miller,* 304 N. Y. 105). The record herein belies the argument advanced and, as the termination of the hotel or the bar would constitute the taking of a substantial property right, the ordinance cannot be enforced against either use.

We have also considered the contention of the Liquor Authority and the county board that the claim on the covenant is time-barred (Real Property Actions and Proceedings Law, § 2001). However, the right to assert the defense of the Statute of Limitations is waived where it is not set forth in a responsive pleading or does not form the basis for a motion to dismiss (CPLR 3018, subd. [b]; CPLR 3211, subd. [e]; *Dunning* v. *Dunning,* 300 N. Y. 341). Moreover, section 2001 of the Real Property Actions and Proceedings Law does not create a new cause of action unknown at common law. Accordingly, the filing of a complaint within the period specified is not a condition precedent to recovery (cf. *Romano* v. *Romano,* 19 N Y 2d 444).

The judgment should be affirmed insofar as appealed from, without costs.

CHRIST, Acting P. J., RABIN, HOPKINS and MUNDER, JJ., concur.

Judgment of the Supreme Court, Westchester County, dated November 17, 1967, affirmed insofar as appealed from, without costs.