239 So.2d 770

**W. Cooper GREEN, as President of Board of Commissioners of Jefferson County, Alabama, et al.**

v.

**E. J. COPELAND.**

**6 Div. 679.**

Supreme Court of Alabama.

Oct. 1, 1970.

John S. Foster, Maurice F. Bishop, J. Howard Perdue, Birmingham, for appellants.

**342**

Huey, Stone & Patton, Bessemer, for appellee.

SIMPSON, Justice.

This is a zoning case. The facts were stipulated.

For some 22 years the appellee has operated a restaurant on the property in-volved, where he sold beer under a license issued by the Alabama Beverage Control Board. On October 23, 1967, the ABC Board issued its order indefinitely suspend-ing appellee's license to sell beer on the premises. On February 6, 1968, the appel-lant Board of Commissioners adopted a zoning resolution changing the zoning of appellee's premises from C-3 (where the sale of beer is allowed) to C-1 (where the sale of beer is not allowed).

Thereupon, the appellee filed a bill for declaratory judgment contending that § 982, Appendix Volume 14, Code of Ala-bama, entitles appellee to sell beer on his premises notwithstanding the new zoning regulation. That statute is the county zoning statute, enabling the county to pass zoning laws. It was enacted in 1947 and provides in part as follows:

"The lawful use or occupation of any building, land, or premises existing at the time of the adoption by the governing body of the county of the zoning reso-lution or order or regulation, although such use or occupation does not conform to the provisions thereof, may be con-tinued * * *."

The trial court entered its decree holding that the zoning regulation did not apply to appellee's premises because "there exist-ed on the premises at the time the Legisla-ture authorized said Board of Commis-sioners to regulate and control the zoning of real estate in the unincorporated area of Jefferson County a restaurant in connec-tion with which the Complainant was duly and legally authorized to sell and dispense beer by the Alabama Beverage Control Board. The existing use or occupation of the premises is expressly excluded from the control of the governing body of the County by Section 982 * * *."

The appeal is from this decree.

As we view the case the question is whether the appellee is entitled to con-tinue to sell beer on the premises notwith-standing the fact that he was not lawfully

authorized to do so on the effective date of the new zoning regulation because his beer license had been suspended by the ABC Board.

Cases on this general problem have almost uniformly held that a property owner has a right to continue a non-conforming use of his property until such time as the right to do so is lost through the abandonment of such use before or after the adoption of the zoning legislation. See cases compiled at 18 A.L.R.2d 725, et seq.

It is, of course, equally true that under virtually all of the cases it is recognized that the use must be an actual use, as distinguished from a contemplated one, actually in existence at the time the zoning restriction becomes operative. Board of Zoning Adjustment for City of Lanett v. Boykin, 265 Ala. 504, 92 So.2d 906; Rathkopf, The Law of Zoning and Planning, Vol. 2, Chapter 58, § 2, which collates cases from all jurisdictions so holding.

The question then is whether there was an actual non-conforming use of the premises in this case on the effective date of the zoning regulation when beer was not being sold because of the ABC suspension of the appellee's license.

The elements which indicate the presence of an "existing use" have been defined as follows:

"The expression 'existing use,' though difficult to define, is, as a fact, not difficult of determination. As understood in the ordinance, 'existing use' should mean the utilization of the premises so that they may be known in the neighborhood as being employed for a given purpose; * * *. Where a property is built for or adapted to a particular use, the question of existing use is determined by ascertaining as near as possible the intention of the owner, in connection with the fact of a discontinuance or apparent abandonment of use; * * *." Appeal of Haller Baking Co., 295 Pa. 257, 145 A. 77; Landay v. Board of Zoning Appeals, 173 Md. 460, 196 A. 293, 114 A.L.R. 984; Board of Zoning Adjustment for City of Lanett v. Boykin, supra.

To work an abandonment of the right to continue a non-conforming use connotes a voluntary act on the part of the owner. This court held in Board of Zoning Adjustment for City of Lanett v. Boykin, supra, after pointing out that the courts have generally held the word discontinuance, as used in a zoning ordinance, is equivalent to abandonment, that

"A discontinuance results from the concurrence of an intent to abandon and some overt act or failure to act which carries the implication of abandonment."

See also 101 C.J.S. Zoning §§ 198, 199; 58 Am.Jur., Zoning, § 153.

We do not believe that the facts in this case meet the above test. There was no voluntary interruption of the sale of beer, but an enforced suspension because of the action of the ABC Board.

"A temporary cessation [to devote property to a non-conforming use], even even for a lengthy period, caused by circumstances over which the property owner had no control, is generally held not to constitute proof of a discontinuance in the sense of abandonment * * * since the circumstances themselves negate an inference of the necessary intention to abandon the use." Rathkopf, Vol. 2, Chapter 61, § 5.

In Gauthier v. Village of Larchmont, 30 A.D.2d 303, 291 N.Y.S.2d 584, app. den. 22 N.Y.2d 646, 295 N.Y.S.2d 1028, 242 N.E.2d 494, the New York Court held where a hotel had included a bar prior to Prohibition, the bar had the same vested nonconforming status as the hotel despite the fact that Prohibition prevented the sale of liquor in the hotel two years before and twelve years after the zoning restriction was enacted.

So here we believe the forced suspension of the sale of beer by the ABC Board de-

feats any claim that there was a voluntary discontinuance of such non-conforming use.

Appellants argue that Fulford v. Board of Zoning Adjustment of City of Dothan, 256 Ala. 336, 54 So.2d 580, requires a different result. We cannot agree. There the question was whether a non-conforming restaurant use could be extended to include the sale of beer. This court held that such extension would be an unauthorized one under the zoning ordinance. That is not the case here. In this case the appellee has lawfully sold beer in connection with the restaurant for over 20 years. The sale of beer is a part of the non-conforming use to which the appellee has a vested right until it is voluntarily abandoned.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur.