Elizabeth G. HOOPER, t/a The Corner Cupboard Inn, Plaintiff, Appellant,

v.

DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION et al., Defendants, Appellees.

Supreme Court of Delaware.

Submitted May 22, 1979.

Decided Nov. 20, 1979.

Howard M. Handelman and Robert D. Graham, of Bayard, Brill & Handelman, P. A., Wilmington, for plaintiff-appellant.

David H. Williams, of Morris, James, Hitchens & Williams, Wilmington, for certain protestant-appellees.

John E. Messick, of Tunnell & Raysor, Georgetown, for defendant-appellee the City of Rehoboth Beach.

Before DUFFY and QUILLEN, JJ., and BROWN, Vice Chancellor.

DUFFY, Justice:

This appeal presents for review a Superior Court order entered in consolidated cases involving a mandamus action and proceedings before the Delaware Alcoholic Beverage Control Commission. We affirm so much of the order as directs that the license, which is the subject of all cases, shall not issue.

### I

The facts are these:

The Corner Cupboard Inn ("Inn") has been operated as a restaurant in Rehoboth Beach since the mid-1930's.[1] It does not have a liquor license, but patrons are permitted to "brown bag" it and many of them do so.

The owner of the Inn, Elizabeth G. Hooper (plaintiff), applied to the Delaware Alcoholic Beverage Control Commission ("DABCC" or "Commission") for a license to sell alcoholic beverages in the restaurant. After a hearing, the DABCC granted the license on condition that Mrs. Hooper obtain a certification from the City of Rehoboth Beach that use of the license would not violate its zoning laws.[2] But her efforts to obtain that certification were unsuccessful.

The Inn is located in a residential district which is zoned as such (under the highest

---

1. The Inn also includes a hotel, but that part of the business is not involved in this case.

2. That procedure appears to be inconsistent with Commission Rule 4, which requires that such a certification from the appropriate zoning authority must be secured before an application is filed. Here, the Commission held a hearing without requiring such certificate, and effectively made that the *last* requirement before the license would be granted.

classification), and the law generally prohibited operation of a restaurant in the area. The Inn had been in operation before enactment of the zoning law and, under generally accepted principles, such a "non-conforming use" may continue after zoning becomes effective. Anderson, *American Law of Zoning* (2 ed.) §§ 6.01 *et seq.* At the time Mrs. Hooper applied for the license, the Inn thus constituted a non-conforming use in the district.

The City determined that a liquor license would *impermissibly* result in a significant change in the nature of the non-conforming use and, for that reason, it refused to issue the certificate. Plaintiff thus was unable to satisfy the condition fixed by the Commission for issuance of the license.

Mrs. Hooper then appealed to the Superior Court from that part of the Commission decision which denied the license until she obtained a certification of zoning compliance. She also filed a mandamus complaint in the same Court for an order on the City to issue the certificate or, alternatively, for an order on the Commission to issue the license without it.

The Superior Court denied plaintiff any relief and she then docketed this appeal.

## II

The application was contested before the Commission by some seventy-five protestants. The Commission rejected their arguments but the Superior Court, in effect, accepted them (and made other rulings as well). However, in the view we take of the appeal, it is unnecessary to review that part of the controversy generated by the protests or the findings made below. For present purposes, we assume without deciding that the Commission properly determined that Mrs. Hooper had met all other requirements of the Liquor Control Act and the pertinent regulations, and that the only impediment remaining for issuance of a license was the zoning certification from the City of Rehoboth.

Upon that assumption, two questions are presented by the appeal: (a) is Commission Rule 4 invalid, and (b) did the City of Rehoboth properly determine that the sale of alcoholic liquor by the Inn would be an impermissible extension of the non-conforming use and, therefore, the certificate should not issue?

We turn now to Mrs. Hooper's arguments on these two questions.

## III

▮ Commission Rule 4 provides in pertinent part as follows:

"Any person proposing to make application for a license to sell alcoholic liquor shall first obtain from and submit to the Commission a form requesting such permission together with a certification from the appropriate Governmental authorities that the location and building for which a license will be applied conforms with zoning ordinances allowing the sale of alcoholic liquor and with building ordinances."

In effect, plaintiff argues that the Rule is unconstitutional. As we understand it, the argument is this: the Commission has a statutory duty under the Liquor Control Act, 4 *Del.C.* § 101, etc., to determine the place at which the public convenience and necessity will be served by operation of a liquor license; by requiring certification as to zoning compliance, the Commission impermissibly delegates its power to the local zoning authority; the Rehoboth Beach zoning law is a prohibitory law which may be validly enacted only in compliance with the State Constitution. *Seversky, Inc. v. Delaware Alcoholic Bev. Con. Com'n*, Del.Supr., 338 A.2d 119 (1975). While this argument invokes the Commission's statutory duty, its thrust is based on the constitutional provision construed in *Seversky*.

In *Seversky*, the Town of Fenwick Island had enacted an ordinance which was an absolute prohibition against the sale of all alcoholic liquors within the Town limits. This Court determined that the ordinance was unconstitutional because it was in conflict with the local option provisions of Article XIII of the Delaware Constitution. That provision provides for submission to

the electors in a specified district the question of whether intoxicating liquors may be manufactured and sold, or whether those activities may be prohibited, within the district.

The case before us in no way involves local option. We are concerned with neither Article XIII of the Constitution nor with a blanket prohibition of the kind specified in that Article. Hence, *Seversky* is not helpful to plaintiff.

Our focus here is on local zoning and, as to that, Article II § 25 of the Constitution specifically authorizes the General Assembly to permit a municipality to adopt a zoning ordinance; it provides as follows:

"The General Assembly may enact laws under which municipalities and the County of Sussex and the County of Kent and the County of New Castle may adopt zoning ordinances, laws or rules limiting and restricting to specified districts and regulating therein buildings and structures according to their construction and the nature and extent of their use, as well as the use to be made of land in such districts for other than agricultural purposes; and the exercise of such authority shall be deemed to be within the police power of the State."

The General Assembly has enacted such a law, 22 *Del.C.* § 301, which reads as follows:

"For the purpose of promoting health, safety, morals or the general welfare of the community, the legislative body of cities and incorporated towns may regulate and restrict the height, number of stories and size of buildings and other structures, percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes."

Such enabling legislation validly confers upon a municipality the right to promulgate and administer zoning regulations. *Auditorium, Inc. v. Board of Adjustment of Mayor, Etc.*, Del.Supr., 91 A.2d 528, 532 (1952). See also *Garden Court Apartments v. Hartnett*, Del.Super., 65 A.2d 231, 232 (1949).

 As we have observed, the only arguments made by plaintiff in attacking the constitutionality of Commission Rule 4 are based on the local option provisions of the Constitution, the Commission's licensing responsibility and our opinion in *Seversky*. Such arguments are not persuasive. Clearly, the City has both constitutional and statutory authority to zone and regulate zoning within its boundaries. Nothing called to our attention in any way purports to mandate the DABCC, in the exercise of its licensing powers, to override a local zoning decision.

In our opinion, Commission Rule 4 is a reasonable attempt to accommodate the conflicting values (and governmental responsibility) which may be at stake when a municipality attempts to exercise its constitutional and statutory powers to govern the use of property by zoning legislation, and the duty of the Commission to provide the public with an opportunity to make a lawful purchase of alcoholic liquor at a specific location.[3] It follows that plaintiff's first contention is without merit.

### IV

 We now consider plaintiff's argument that the sale of alcoholic beverages by the Inn on its premises would be a lawful intensification of a valid non-conforming use as a restaurant (and hotel).

 The most recently reported Delaware case discussing enlargement of a nonconforming use is *New Castle County v. Harvey*, Del.Ch., 315 A.2d 616 (1974). There, Vice Chancellor Brown reviewed earlier Delaware cases and said:

"While it is true that the purpose of a zoning ordinance is as much to protect an

---

**3.** In this case we are not concerned with reconciling a conflict between a Commission Rule (or decision) and the implementation of a zoning ordinance. On the contrary, the attack by plaintiff is upon the accommodation which the Commission has made with the City of Rehoboth. We have found nothing improper about that, either on broad constitutional or statutory terms or as an exercise of the Commission's discretion.

owner's right to a lawful nonconforming use as it is to protect the rights of other property owners against unlawful uses, it is generally held that the spirit of zoning ordinances is to restrict rather than to increase a nonconforming use and to secure its gradual elimination. Thus, provisions in an ordinance for the continuation of such uses should be strictly construed, and provisions for limiting nonconforming uses should be liberally construed. 101 C.J.S. Zoning § 182, p. 939; Anderson, American Law of Zoning § 6.30. Also generally stated, the basic notion of a nonconforming use precludes a change to a use which is not a continuation of the one which existed on the effective date of the ordinance. Anderson, American Law of Zoning, § 6.31. A new or substituted use, differing in quality or character, is prohibited unless the ordinance otherwise provides. 101 C.J.S. Zoning § 189, p. 946."

We approve those rulings as current Delaware law.

In this case, the Superior Court determined that the sale of alcoholic liquor at the Inn would constitute an unlawful expansion of the existing nonconforming use. Its rationale was that the sale of alcoholic liquor on the premises would "constitute the introduction of a new and entirely different product and activity in which the Corner Cupboard Inn was not engaged at the time Rehoboth's Zoning Ordinance was enacted." The Court concluded that the City acted properly in denying the zoning certification requested by plaintiff.

The Inn is located in an R–1 zoning district which is restricted to single-family detached dwellings. Introducing the sale of alcoholic beverages into that district would, in our judgment, be an unlawful extension of a nonconforming restaurant business. Cf. *Fulford v. Board of Zoning Adjustment*, Ala.Supr., 256 Ala. 336, 54 So.2d 580 (1951); *Council of the Town of Los Gatos v. State Board of Education*, Cal.Dist.Ct.App., 141 Cal.App.2d 344, 296 P.2d 909 (1956); *Salerni v. Scheuy*, Conn.Supr.Ct.Err., 104 Conn. 566, 102 A.2d 528 (1954); *Jasper v. Dolan*, Mass. Supr.Jud.Ct., 355 Mass. 17, 242 N.E.2d 540 (1968); *Appeal of Veltri*, Pa.Super., 355 Pa. 135, 49 A.2d 369 (1946); and 101 C.J.S. Zoning § 191 (1958).

Affirmed.