This is an appeal from a judgment enjoining the defendants from using certain real property for any use not permitted by the zoning ordinance of the City of Scottsboro. We shall refer to the defendants/appellants, William F. Olinger, Olinger Corporation, and Olinger Auto Sales and Rentals, as "Olinger." The plaintiffs/appellees own property bordering or near to the subject property leased by Olinger.
The trial court's judgment so succinctly states the facts, issues, and resolution of the case that we shall quote from it at length:
 "The land leased by the defendant Olinger . . . covers an area bounded on the south by Panorama Street, on the east by Larkin Street, on the west by Fort Payne Highway, and extends northward generally to a line just south of a service station and a restaurant which front on the Chattanooga Highway, or Highway No. 72.
 "Prior to the passage of the 1979 city ordinance, one or more of the defendants conducted, to some extent, mobile homes sales operations on a portion of the subject property. Under the previous zoning ordinance of the City of Scottsboro, enacted in 1968, . . . the subject property was permitted to be used for mobile home sales.
 "Therefore, under the 1979 ordinance, at the time of its passage, any use of the subject property for mobile home sales was a permitted `non-conforming use' under Article 4 of the 1979 ordinance which was `. . . lawful before this ordinance was passed or amended. . . .'
 "It is further clear from the 1979 ordinance that the subject property became zoned as a `neighborhood commercial district' or `C-2,' and that mobile home sales were not permitted in such a zone.
 "The central issue in this case arises under Section 4.3 of the 1979 ordinance; i.e., whether the non-conforming use of the subject property by the defendants, which was permitted at the time of the passage of the 1979 ordinance, has been, since the passage of the ordinance, `enlarged or increased, (or) extended to occupy a greater area of land than was occupied at the effective date . . .' of the 1979 ordinance, and, further, within such *Page 1185 
section, whether the non-conforming use has been, since the passage of the 1979 ordinance, `moved in whole or in part to any portion of the lot or parcel other than that occupied by such use at the effective date of adoption or amendment of this ordinance. . . .'
 "Given the objective of zoning to eliminate non-conforming uses, courts throughout the country generally follow a strict policy against their extension or enlargement. Moore v. Pettus, 260 Ala. 616, 71 So.2d 814 (1954); Coleman v. Estes, 281 Ala. 234, 201 So.2d 391 (1967).
 "Ordinances with substantially similar language have been enforced by courts of other states, both with respect to increasing the area of the non-conforming use, and with respect to increasing the number of units situated on the same area. Patchak v. Township of Lansing, 361 Mich. 489, 105 N.W.2d 406 (1960); State v. Village of Roseville, 244 Minn. 343, 70 N.W.2d 404 (1955).
 "For purposes of illustrating the testimony of several witnesses in the case, a rough diagram, plaintiff's exhibit `X', was offered into evidence, which diagram divided the subject property into three areas: `Z', `R' and `Y'. With respect to the area marked `Z', the northernmost part of the subject tract, which lay roughly from a line just south of a service station and a restaurant fronting on the Chattanooga Highway, to a line approximately extending Laurel Street eastward from its intersection with Fort Payne Highway, to Larkin Street, the great weight of the testimony is that this area was in use for the sale of mobile homes at the time of the passage of the current ordinance, and that it has since continued in use as such without any enlargement or abandonment prohibited by the ordinance.
 "With respect to the area south of `Z', designated as `R', which is bordered on the west by Fort Payne Highway, on the east by Larkin Street, and on the south by a drainage ditch angling northeasterly across the property, the testimony is in conflict, and this court cannot determine from the evidence, with reasonably certain accuracy, the perimeters of any enlargement of the non-conforming use. In addition, it is the opinion of this court that the plaintiffs are barred by laches from asserting their claims as to such an enlargement or extension in the area designated `R'. Moore v. Pettus, supra.
 "With respect to the tract designated `Y', being more particularly described as being bounded on the south by Panorama Street, on the east by Larkin Street, and on the north by the drainage ditch extending in a northeasterly direction from Fort Payne Highway to Larkin Street, however, the great weight of the evidence is that, since the passage of the current ordinance, it has been subjected to use for the sale of mobile homes, and that such use constitutes an enlargement or increase extending to occupy a greater area of land than was occupied at the effective date of the ordinance, and, further, that such use constituted moving the non-conforming use in whole or in part to a portion of the lot other than that occupied by such use at the effective date of the ordinance. This is prohibited by section 4.3 of the ordinance."
The trial court granted the injunction with respect to tract "Y". It was Olinger's use, or increased use, of this tract which prompted the plaintiffs, many of whom live to the south and east of the subject property, to file this action. Olinger appeals from the granting of the injunction in this respect.
Olinger's contentions are, first, that he was using all of the subject property, including tract "Y", in conjunction with his mobile home sales business at the time the 1979 ordinance went into effect; second, that even if he was not actually using tract "Y" for mobile home sales at the time the 1979 ordinance went into effect, the ordinance allows him to use the entire tract for his non-conforming use; and third, that the "dynamic" nature of his use supports a finding that he could use the entire tract. *Page 1186 
Olinger's first contention is answered by the presumption in favor of the trial court's findings where it hears ore tenus evidence without a jury. Board of Zoning Adjustment v. Boykin,265 Ala. 504, 92 So.2d 906 (1957). The trial court found that Olinger did not begin using tract "Y" for mobile home sales until after the 1979 ordinance went into effect. This finding is not plainly and palpably wrong. Indeed, the record indicates that Olinger improved tract "Y" and began using it for mobile home sales in or about 1982.
Olinger next contends that section 2.2 of the 1979 ordinance allows the intended use of tract "Y" to bring it within the non-conforming use of the entire parcel. That section reads:
 "Except as otherwise provided herein, all words shall have their customary dictionary meaning. . . . The word `used' or `occupied' as applied to any land or building shall be construed to include the words `intended, arranged or designed to be used or occupied.'"
The word "intended" in this general definition section cannot override the general principle regarding non-conforming uses that such a use must be actual, not just intended, at the time the zoning ordinance that prohibits the use goes into effect.Green v. Copeland, 286 Ala. 341, 239 So.2d 770 (1970). 101A C.J.S. Zoning and Land Planning § 161 (1979). The specific language of the non-conforming use section of the ordinance, quoted by the trial court, is in accordance with this general rule in its prohibition of enlarging, extending, or moving the non-conforming use.
Olinger's final contention, that the dynamic nature of his use requires him to use the entire lot, is aptly addressed in the trial court's judgment. With respect to tract "R", which Olinger was using for mobile home sales at the time the ordinance went into effect, the trial court held that it could not determine "the perimeters of any enlargement." Presumably this is because the actual location of mobile homes fluctuated over time. Tract "Y", however, is physically separated from tract "R" by a three-foot drainage ditch. The trial court found that Olinger has used this physically distinct portion of his leased property for mobile home sales only "since the passage of the current ordinance," which upgraded the zoning classification of the property to prohibit its use for mobile home sales. The record amply supports this finding.
Thus, the trial court properly allowed Olinger to continue using tract "R" to its full extent, because the changes in actual use of that portion of the property could not be determined. The use of the portion of the property south of the ditch (tract "Y") was clearly an enlargement, extension, or moving of the non-conforming use, however, and the trial court correctly enjoined it.
For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.