ROBERTSON, Judge.
This is an appeal from a declaratory judgment finding Giles in violation of a City of Heflin zoning ordinance prohibiting *974 mobile homes in a R-l district and ordering him to move his mobile home out of the R-l district.
On July 14, 1986, pursuant to a petition for rezoning that had been pending for some time, the City of Heflin enacted a zoning ordinance which changed the zoning classification of Giles’s property from R-2 to R-l. Mobile homes are allowed in an R-2 district; mobile homes are not allowed in an R-l district.
Immediately prior to the zoning change, Giles had contacted the Heflin city clerk about placing a mobile home on his property. The clerk indicated that it was permissible for Giles to move the mobile home onto the lot, as the property was zoned R-2 at the time. Testimony indicated that the mobile home was placed on the property the first week of July 1986.
Hicks, a neighboring landowner, later filed his complaint, alleging that Giles was not in compliance with the City of Heflin zoning ordinances. Specifically, Hicks alleged that even in an R-2 district mobile homes are allowed only if they meet these requirements: (1) conformity to building, plumbing, gas, and electrical codes of Hef-lin; (2) be placed on a permanent foundation and provided with skirts; (3) have a living area of at least 600 square feet; and (4) have tie-downs. § 9, City of Heflin Zoning Ordinance.
The City of Heflin zoning ordinance provides that nonconforming uses of land which are initially lawful but are later prohibited by an amendment to the zoning ordinances may continue until removed, but that their survival will not be encouraged. § 5, City of Heflin Zoning Ordinance. This ordinance reflects the general intention of zoning laws with regard to nonconforming uses of property, which is to restrict, not extend, such use. Board of Zoning Adjustment v. Boykin, 265 Ala. 504, 92 So.2d 906 (1957).
As stated previously, for mobile homes to be lawfully in existence on property, they must meet certain enumerated requirements. § 9, City of Heflin Zoning Ordinance. The trial court found that Giles’s mobile home was not in lawful compliance with these regulations at the time of the zoning change. In fact, testimony indicated that the mobile home had not been placed on a permanent foundation even at the time of the hearing. Findings made by a trial court when evidence is presented ore tenus are presumed correct and will not be overturned on appeal absent a finding that they are plainly and palpably wrong. Olinger v. Collins, 470 So.2d 1183 (Ala.1985). We cannot find in this case that the trial court’s findings were plainly and palpably wrong.
Consequently, because the mobile home was not in lawful prior use at the time of the zoning change, it did not qualify for continued existence pursuant to the Heflin zoning ordinance allowing for prior lawful nonconforming uses of property.
Therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.