[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal concerns a grand old Victorian mansion known as the Unquowa Hotel, now standing empty and dilapidated in the Town of Fairfield. The defendants Charles M. McCarthy, Jr., who is the current owner, and the Unquowa Hotel Preservation Partnership, Inc., who is the proposed developer, applied for a certificate of Zoning Compliance for use of the property as a fifteen room hotel containing a forty-eight seat dining room with service bar, along with provisions for on-site parking. On November 27, 1991, the Zoning Enforcement Officer (ZEO) Edwin M. CT Page 648 Buddenhagen, who is also a named defendant, issued a Certificate of Zoning Compliance[1] for such use.
The plaintiffs Kenneth E. Davis and Reba J. Davis, adjoining property owners, petitioned the Zoning Board of Appeals of the Town of Fairfield to reverse or modify the ZEO's decision. After a hearing, the Zoning Board of Appeals (ZBA) denied the plaintiff's petition, and this appeal followed.
I. THE ISSUE
The issue in this case is the prior use of the property as a hotel, a use which now would not be permitted at this location by the Zoning Regulations of the Town of Fairfield, since the property is located in an R-3 residences only zone. The Zoning Regulations of the Town of Fairfield provide that nonconforming uses which were in existence prior to the enactment of the Zoning Regulations in 1925 may be continued. Fairfield Zoning Regs. 2.8 et seq. The ZEO concluded that the property was used as a hotel and restaurant prior to the enactment of the town zoning regulations, and so issued the use certificate.
The plaintiffs claim that the uses to which the defendant developers now propose to put the property did not exist in the same form prior to the enactment of the zoning regulations or else that those uses had been irrevocably abandoned by the property owner since then. The defendants claim that the uses did exist as prior nonconforming uses and were never abandoned.
II. AGGRIEVEMENT
No procedural defects have been raised regarding prior proceedings at the administrative level nor in the taking of this appeal to the court. The issue of aggrievement is not in dispute. The court received evidence that the plaintiffs are abutting property owners of the subject property. Therefore this court finds that the plaintiffs are aggrieved within the meaning of Connecticut General Statutes 8-8.
III. THE STANDARD OF REVIEW
The Zoning Board of Appeals acts in a quasi-judicial capacity in deciding appeals from the actions of the Zoning Enforcement Officer pursuant to Conn. Gen. Stat. 8-6(1) and8-7. It is well-settled law that the decisions of zoning CT Page 649 authorities are to be overruled only when it is found that the authorities have not acted fairly, with proper motives, and upon valid reasons. McMahon v. Board of Zoning Appeals, 140 Conn. 433,438 (1953). The burden of showing such a circumstance rests with the plaintiffs. DeFelice v. Zoning Board of Appeals,130 Conn. 156 (1943). It is not the function of this court to substitute its judgment for that of the local zoning board. Whittaker v. Zoning Board of Appeals, 179 Conn. 650 (1980). The question this court must determine is whether the agency action is reasonably supported by the record. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304 (1975).
IV. THE PRIOR NON-CONFORMING USES
1) The Hotel
The evidence presented before the ZBA supports the fact that the property was used as a hotel for paying guests prior to the enactment of zoning regulations in 1926. This was not seriously disputed by the plaintiffs. Rather the plaintiffs argue that the use was abandoned sometime around 1966 when the owner closed the doors of the Unquowa Hotel to paying guests. The record indicates that defendant McCarthy closed the hotel due to the economy and problems with the nature of the clientele, that he never used the property for any other purpose in the intervening years, and that he never abandoned his intention to restore the aging mansion to her former glory as a distinguished small hotel. The record indicates that he took steps during the years when the hotel was closed to repair and upgrade some of the systems in the building, that he purchased period furniture from another old hotel that was closing, and that he actively sought and cooperated with developers to arrange for the current proposed sale, renovation, and reopening of the Unquowa.
Connecticut General Statutes 8-2 provides that a non-conforming use shall not be deemed to have terminated "solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use." The nonuse of the property as a hotel for many years does not extinguish the prior use. The property has never been used as anything other than a hotel during the relevant period. See e.g., Town of Darien v. Webb, 115 Conn. 581 (1932). Although the financial station of the guests declined and the duration of their transient residency increased through the years of its operation, the use of the property as a transient residence for CT Page 650 paying guests never ceased until the present owner suspended operation due solely to financial hardship. The ZBA was entitled to credit Mr. McCarthy's testimony regarding his continuous intent to resume operation of the Unquowa as a hotel when the economics of it became more favorable. Such factual determinations are within the scope of the ZBA to make, especially where credibility may be an issue. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159
(1988). The determination of the ZBA on this issue will not be disturbed by this court.
2) Forty-eight Seat Dining Room
Likewise there was testimony and documentary evidence presented to the ZBA that the property had a dining room on the ground floor of the hotel prior to the enactment of the Fairfield Zoning Regulations in 1925. There is evidence that persons other than paying hotel guests were welcomed to and served in the dining room. In refusing to overrule the Zoning Enforcement Officer, the ZBA did not abuse its fact-finding capacity; there was sufficient evidence from which the Board could conclude that a restaurant of the kind for which the current use certificate has been issued was in operation at the time the zoning regulations were enacted.
The abandonment issue with respect to the restaurant is the same as that of the hotel proper and is governed by the game principles outlined in Section IV, 1, above. The ZBA's action regarding the property's use as a restaurant may stand.
3) The Service Bar
The issue of liquor service in connection with property use presents a thornier problem. Although there is evidence that dining room patrons drank alcoholic beverages during the years before and since the enactment of the zoning regulations, there is no evidence that this use was lawful. Prohibition was in effect in Connecticut from 1920 to 1933, a fact of which this court takes judicial notice. U.S. Constitution, Amendments, Article Eighteen and Twenty-One. Further, there is an absence of evidence that liquor was served by the restaurant's owners as opposed to brought on the premises and allowed to be consumed, there being no evidence of any liquor service license for all the relevant time period. CT Page 651
The defendants argue that the service of alcoholic beverages is not a separate use but only incidental to the property's prior nonconforming use as a restaurant. They argue that liquor service is subject to a separate licensing and regulatory scheme in which other state agencies determine whether permits should be issued for such service. The plaintiffs contend that approval by the ZBA of liquor service at the restaurant is an unlawful expansion of a nonconforming use.
Connecticut courts and those in other states have treated the issue of liquor service as a use separate and distinct from food service or other commercial retail uses, regardless of whether separate agencies are involved in the issuance of permits. Dubitzky v. Liquor Control Commission, 160 Conn. 120
(1970). In particular, the issue arises whether liquor service at a restaurant and hotel is merely an intensification of a valid nonconforming use or an entirely different kind of activity. Compare Hooper v. Delaware Alcoholic Beverage Control Commission,409 A.2d 1046 (Del. 1979) with Gauthier v. Village of Larchmont,291 N.Y.S.2d 584, lv. to app. den., 295 N.Y.S. 1028,242 N.E.2d 494 (1968).
In State ex rel. Chatlos v. Rowland, 131 Conn. 261 (1944), the court held that the mere change of beer sales to the service of all kinds of liquor in a restaurant involves a change of use. Likewise in Salerni v. Scheuy, 140 Conn. 566 (1954), the court held that the expansion of liquor service from that of only beer constitutes not merely an intensification of business as is permitted under the doctrine of prior nonconforming use see DeFelice v. Zoning Board of Appeals, supra; but rather a change of the use itself.
On questions of law, such as the proper interpretation of statutes and regulations, this court is not bound by the Board's determination. Danseyar v. Zoning Board of Appeals, 164 Conn. 325
(1973). The Zoning Board of Appeals misapplied the law in upholding the Zoning Enforcement Officer's decision on this issue. To the extent that the Use Certificate purports to allow liquor service in the restaurant as part of a prior lawful nonconforming use, the appeal is sustained and the case is remanded on this issue with direction to the Zoning Board of Appeals to grant the plaintiff's petition to reverse the Zoning Enforcement Officer's decision on this use alone.
4) Parking CT Page 652
The plan for use of the property presented to the ZEO and to the Zoning Board of Appeals at the hearing includes space for cars to be parked beside and behind the hotel building. The plaintiffs have attempted to define off-street parking as a primary use and to show the absence of any parking facilities on the property predating the enactment of town zoning regulations. the property predating the enactment of town zoning regulations. Parking is not a primary use to which the property will be put, but rather an accessory use. See, e.g., Lawrence v. Zoning Board of Appeals, 158 Conn. 509 (1969). Ordinarily, such an addition is not considered to be a prohibited change of a prior nonconforming use where it does not achieve the status of a additional co-equal use but remains subordinate to the previously existing non-conforming use in scale, volume, and intensity. 4 Ziegler, Rathkopf's The Law of Planning and Zoning 51A-48. The Zoning Regulations of the Town of Fairfield refer to off-street parking as such an accessory use, Fairfield Zon. Reg. 6.2.10, and regulate the provision of such parking. Fairfield Zon. Reg. 28.6.11. Nor does Connecticut case law dictate otherwise. Cf. Raffaele v. Planning and Zoning Board of Appeals, 157 Conn. 454
(1969) (construction of additional parking by filling in wetland subject to special exception where primary use of the property was nonconforming). As parking is an accessory use, there is no need to disturb the ZBA's action on this issue.
V. CONCLUSION
The decision of the Zoning Board of Appeals is affirmed, except as to the use described in Section IV, 3, above. As to that use — liquor service — the decision of the Zoning Board of Appeals is reversed and remanded, with direction to grant the plaintiff's petition to reverse the decision of the Zoning Enforcement Officer by deleting such use from the Certificate of Zoning Compliance.
Dated this 29th day of January, 1993.
JUDGE