THIGPEN, Judge.
This is a zoning case.
Jack Robinson owned a scrap metal business on property located in the City of Huntsville. After his land was condemned to make way for á new highway, he relocated to a nearby scrap yard whose prior owner, Jake Banks, had recently died.
During Banks’s lifetime, Robinson had frequently conducted business on Banks’s property for the benefit of both. Robinson asserts that he is purchasing Banks’s property, which he has occupied and from which he has conducted business for several years since Banks’s death.
When Robinson attempted to renew his privilege license with the City of Huntsville *1311 (Huntsville), his application was denied. Robinson’s application for a variance from the Board of Zoning Adjustment of the City of Huntsville (Board) was denied in May 1991, and he appealed to the trial court. The trial court granted the Board’s motion for summary judgment, finding that Robinson lacked standing to sustain the action. Additionally, the trial court found that the prior non-conforming use of the property had been abandoned and that the property was subject to the regulations of the current zoning ordinance of Huntsville. Robinson appeals.
A motion for summary judgment tests the sufficiency of the evidence and a summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). When a motion for summary judgment is made and supported as provided in the rule, a party adverse to the motion must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P.
The “scintilla rule” was abolished by Ala. Code 1975, § 12-21-12. Therefore, in order for Robinson to overcome the motion for summary judgment, he must show “substantial evidence” in support of his position. Bean v. Craig, 557 So.2d 1249 (Ala.1990). “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).
From the record, it appears that Robinson is seeking a variance from the Huntsville zoning ordinance to allow a non-conforming use, and alternatively is asserting a right to continue Banks’s prior non-conforming use of the property.
The trial court’s finding that Robinson lacked standing was apparently based on an affidavit from a city attorney indicating that Denbo Iron and Metal Company, Inc. (Denbo), held title to the property in question. Ala.Code 1975, § 11-52-81, reads in pertinent part: “Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court....” In order to have standing to challenge a decision of a zoning board of adjustment, a claimant must be a “party aggrieved.” Crowder v. Zoning Board of Adjustment, 406 So.2d 917 (Ala.Civ.App.1981).
Alabama caselaw holds that an equitable owner of property under contract to purchase, even if conditioned on the grant of a variance, is entitled to apply for a variance. Arant v. Board of Adjustment of the City of Montgomery, 271 Ala. 600, 126 So.2d 100 (1960); Board of Adjustment of the City of Mobile v. Sigler, 518 So.2d 725 (Ala.Civ.App.1987).
Robinson testified in deposition regarding the arrangement he had with the owner of Denbo, whereby Denbo purchased the land from Banks’s estate and was to sell it to Robinson. Denbo’s owner submitted a letter verifying this arrangement, and stating that Robinson had partially paid for the property. Robinson testified regarding a long-standing agreement between himself, Banks and a third party, whereby Banks would sell the property to Robinson if the third party turned it down. Robinson undeniably exercised all the incidences of ownership of the property after Banks’s death. Based on the foregoing, we conclude that Robinson plainly met the criteria for establishing equitable ownership of the property, thus offering substantial evidence of his standing to seek a variance as a “party aggrieved.” Board of Adjustment of Mobile, supra.
The Board offers three related arguments regarding a continuation of Banks’s prior non-conforming use. First, the Board unpersuasively argues that Robinson’s use of the property differs markedly in character from Banks’s and hence amounts to an impermissible expansion of a non-conforming use, citing as support *1312 Green v. Copeland, 286 Ala. 341, 239 So.2d 770 (1970). The record reveals that the two businesses were essentially similar in character, that the two businesses were intermingled, and that Robinson regularly operated part of his business on Banks’s property during Banks’s lifetime. Under these circumstances, we find sufficient evidence that Robinson’s operation was not an impermissible expansion of Banks’s prior nonconforming use. See Jaffe Corp. v. Board of Adjustment of City of Sheffield, 361 So.2d 556 (Ala.Civ.App.1977); John J. Michalik, Annotation, Validity, Construction, and Application of Zoning Ordinance Relating to Operation of Junkyard or Scrap Metal Processing Plant, 50 A.L.R.3d 858 §§ 9-13 (1973).
The Board’s next argument, that the prior non-conforming use was abandoned because Robinson moved the location of the office from one part of the property to another, is without merit. The Board’s brief in support of the motion for summary judgment states, “[t]he Zoning Ordinance is quite clear on this issue, stating in § 74.-4.5: ‘Where non-conforming use status applies to a structure and premises in combination, removal or destruction of the structure shall eliminate the non-conforming status of the land.’ ” The zoning ordinance is not in the record, and the trial court’s meager order does not indicate whether this was a factor in its decision. Moreover, the record reveals that the original building located on the property was not torn down by the owner, but was removed by the State to make way for the highway construction. Clearly, the issue of whether condemnation by the State amounts to removal or destruction as contemplated by the zoning ordinance is a justiciable issue which should properly be tried before the court.
Last, the Board argues that the nonconforming use ceased for six months and that the cessation of use constituted an abandonment of the prior nonconforming use. We disagree. The word “discontinuance” as applied to zoning ordinances is equivalent to abandonment. Board of Zoning Adjustment for the City of Lanett v. Boykin, 265 Ala. 504, 92 So.2d 906 (1957). Discontinuance or abandonment involves more than mere cessation — it requires an intent to abandon, and some overt act (or failure to act) manifesting one’s intent to abandon. Boykin, supra.
“ ‘A temporary cessation [to devote property to a non-conforming use], even for a lengthy period, caused by circumstances over which the property owner had no control, is generally held not to constitute proof of a discontinuance in the sense of abandonment.’ ” (Citations omitted.)
Green v. Copeland, supra, 286 Ala. at 343, 239 So.2d at 772. Robinson’s action and testimony evidenced an intention to use the property for the prior nonconforming purpose for which it had been used since the 1940s.
The record reveals that Banks operated the scrap yard by virtue of his prior nonconforming use. Banks died in February 1986. Our research fails to disclose any Alabama cases discussing whether a nonconforming use expires with the property owner. It appears that other jurisdictions differ on the matter. See Douglas Hale Gross, Annotation, Zoning: Right to Resume Nonconforming Use of Premises after Involuntary Break in the Continuity of Nonconforming Use Caused by Difficulties Unrelated to Governmental Activity, 56 A.L.R.3d 77 §§ 14-16 (1974). There appears to be some authority in Alabama that allows holders of a prior non-conforming use to sell or lease that non-conforming use inter vivos. See State ex rel. Dauphin Stor-All, Inc. v. City of Mobile, 503 So.2d 1224 (Ala.1987).
Accordingly, we find that Robinson has presented substantial evidence that he has standing to challenge the Board’s action and substantial evidence that the prior nonconforming use of the property had not been abandoned. Therefore, we hold that the trial court erred as a matter of law in granting the Board’s motion for summary judgment. The judgment of the trial court is reversed and the cause remanded to the trial court for a full trial on the issues.
*1313 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.