Edwakd S. Conway, J.
This is a proceeding under article 78 of the CPLR to review and vacate a decision and resolution of the Zoning Board of Appeals to the Town of Rochester, Ulster County, wherein the said board granted a special use permit and a ‘ ‘ variance ’ ’ pursuant to two applications filed by the respond *1061 ent Steven Livanos, which will permit him to establish an antique shop and a two-family residential structure on the premises in question.
The petitioner is an adjoining property owner of the subject property which is a parcel of land aproximately one acre in size. The subject property is about to be conveyed to respondent Steven Livanos by its owner respondent Irene M. Deyo.
A building on the property in question was used as a 13-or 14-room boarding house, apparently up to 20 years ago. It was occupied occasionally by the owner during the summer for about 10 years thereafter. The premises also contains a building formerly used as a gas station which was subsequently occasionally used by the owners as a private garage. There is also a small cottage upon the premises that was apparently used occasionally for camping out by the owners in the summer season.
The Zoning Board of Appeals, following two public hearings at which testimony was taken, granted permission to respondent Livanos to convert the building which was used as a boarding house, a nonconforming use under the town zoning ordinance, to a two-family residential structure, also a nonconforming use. The zoning board also granted a special use permit to convert the former gas station, a nonconforming use, to that of an antique shop and/or gift shop, also a nonconforming use.
The petitioner attacks the ruling of the Zoning Board of Appeals as being illegal, arbitrary and capricious.
Petitioner contends that the nonconforming use of a boarding house was in fact abandoned or discontinued some 20 years ago and has been utilized as a one-family dwelling and that at the time of the adoption of the ordinance by the Town of Rochester on or about April 1,1971, it conformed as a R-l one-family occupancy even though it was divided into 13 or 14 rooms. Petitioner further contends that the gas station was abandoned or discontinued as such 20 years ago and that at the time of the adoption of the ordinance it was a conforming use as a private garage incidental to the main occupancy. The petitioner further contends the premises in question were entirely in conformance with a R-l classification at the time of the adoption of the ordinance and had been for well over five years, and that the Zoning Board of Appeals had no power to change from a conforming use to a nonconforming use under section YI-B of the Zoning Ordinance in question.
Section YI-B of the Town of Rochester Zoning Ordinance states as follows: “ Discontinuance — Any building or land used *1062 for or occupied by a non-conforming use which is changed to or replaced by a conforming use shall not thereafter be used for or occupied by a non-conforming use, provided that such conforming use exist for a period of five consecutive years.”
In the 'opinion of this court, under this ordinance “ discontinuance ” does not occur from nonuse of the property but only by the use being changed to or replaced by a conforming use for a period of five consecutive years after April 1,1971.
The general rule is that the right of a property owner to continue a nonconforming use may be lost through abandonment of such use. (City of Binghamton v. Gartell, 275 App. Div. 457.) However, an abandonment within the meaning of the rule under consideration, connotes a voluntary, affirmative, completed act. It means something more than a mere suspension, a temporary nonoccupancy of a building, or a temporary cessation of business and this has been held true even though the discontinuance existed over a considerable period of time. (City of Binghamton v. Gartell, supra.) The court, in that case said (p. 460): “ Abandonment in law depends upon the concurrence of two and only two factors; one, an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that owner neither claims nor retains any interest in the subject matter of the abandonment (Landay v. Zoning Appeals Board, 173 Md. 460) * * * Time is not an essential element of abandonment although the lapse of time may be evidence of abandonment. It is a universally accepted principle that mere nonuse of property over a period of time, when unaccompanied by any other acts indicating an intention to relinquish or abandon title thereto or ownership thereof, does not amount to an abandonment (1 C. J. S., Abandonment, § 3, and cases there cited).”
There is no provision in the ordinance, which we are construing, that mere nonuse for any specified period prior to its passage or effective date, should be considered a discontinuance or abandonment.
The ordinance does provide in section VI-E as follows: “ change to other non coneorming hse — A non-conforming use of a building, structure or land may be changed to another non-conforming use which is of the same or more restricted in nature, however, no building in which a non-conforming use has been changed to a more restricted use shall again be devoted to a less restricted use. Uses shall be deemed more restricted or less restricted in accordance with Section III A and Section XI. The change of a non-conforming use of a *1063 building, structure, or land to another non-conforming nse shall include the right to change an accessory non-conforming sign, provided such sign is not increased in area or does not further violate provisions of this Ordinance.”
It is the contention of the zoning board, in this case, that since the property with its pre-existing buildings was used for a boarding house and a service station before the ordinance, these uses or uses of the same nature or those more restricted in nature, should be allowed and that the uses proposed fall within this category.
The Zoning Board of Appeals function in this proceeding is as stated by the Court of Appeals in the Matter of Lemir Realty Corp. v. Larkin (11 N Y 2d 20, 24). Chief Judge Desmond, writing for the court stated: “ that in reviewing board actions as to variances or special exceptions the courts do not make new or substitute judgments but restrict themselves to ascertaining whether there has been illegality, arbitrariness or abuse of discretion.”
This court can find neither illegality, arbitrariness nor abuse of discretion in the record before it or in the decision of the Board of Zoning Appeals. Therefore, this court hereby denies the motion of the petitioner to set aside the decision of the said board.