■ In the Matter of STANLEY K. DEYO, Appellant, v. LARS B. HAGEN et al., Constituting the Zoning Board of Appeals of the Town of Rochester, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered July 27, 1972 in Ulster County, which denied the petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a decision of the respondent Zoning Board of Appeals. There is little factual dispute. The subject property is located in the Town of Rochester in Ulster County. It is approximately one acre in size, and located thereon is a large antiquated two-story, 14-room building formerly used as a boarding house. Adjacent thereto is a small frame building formerly used as a dining and kitchen facility for the boarding house. On this same parcel of land near the highway is a building formerly used as a gas station. Neither the boarding house nor the gas station has been operated for over 20 years and both have been vacant for that period, save for an occasional visit by the owner of the property during the summer months, up until 1963. A contemplated conveyance of the property is contingent upon favorable action by the respondent board and the proposed vendee made two applications to the zoning board, the first requesting a variance so as to change the use of the gas station to an antique shop and the second being an application for a special use permit to allow transformation of the boarding house to a two-family dwelling. The area in which the property is located is designated R-1 by the Town Zoning Ordinance. The only use by right is a single-family dwelling. A two-family dwelling is permitted, contingent upon securing a special use permit from the zoning board. The R-1 designation also provides for a minimum plot of one acre for one dwelling unit. Gas stations and antique shops are not permitted and the uses previously made of the subject property were nonconforming but permitted if they existed for a period of time prior to the enactment of the ordinance. Included in the ordinance is a provision entitled "change to other non-conforming use". Following the public hearings, the Zoning Board of Appeals passed a resolution granting both applications. Petitioner, an adjoining property owner who, with others, appeared in opposition to the applications, commenced this article 78 proceeding, seeking an order vacating the resolution and adjudging that the premises could be used only for a single-family residence. Special Term denied the petition in all respects. It is clear that the board has the authority under section III-A of the Zoning Ordinance to permit construction of a two-family house in an R-1 district. The only question here then concerning the house is whether the property meets the acreage requirement. Respondents concede that the property is less than two acres; the zoning board found it to be 1.3 acres and the petitioner contends it is about 1 acre. Section V of the Zoning Ordinance provides in part "a two-family dwelling and multiple family dwelling shall comply with minimum lot area per dwelling unit requirement for the district in which it is located". Thus, we are presented with the pivotal question — what is a dwelling unit? The ordinance does not define dwelling unit, but a reading of section IV-F (1) dictates a determination that each residential building is

regarded as a dwelling unit and therefore one acre would satisfy acreage requirements and the petitioner's contention is erroneous. As to the garage property, we have noted that gas stations and antique shops and the like were not permitted in areas designated R-1. The only avenue for authorized change would be under section VI-E of the Zoning Ordinance and in order to qualify thereunder, the nonconforming use must be in existence when the change is authorized. If the nonconforming use has continued up until the time of the application for a variance, the board could properly approve a more restricted use. If the nonconforming use was changed to a conforming use or if the nonconforming use had been abandoned or discontinued, it could not. We conclude that the nonconforming use has been changed to a conforming use. It is undisputed that the roadside building was not used as a gas station for over 20 years. The only use it had was to house the car of the property owner, an obviously conforming use. Section VI-B of the Zoning Ordinance provides as follows: "Discontinuance — Any building or land used for or occupied by a non-conforming use which is changed to or replaced by a conforming use shall not thereafter be used for or occupied by a non-conforming use, provided that such conforming use exists for a period of five consecutive years." It would appear that the nonconforming use was discontinued and a conforming use resumed and continued for a period of time in excess of that called for by the above-quoted provision of the ordinance (see *Village of Spencerport* v. *Webaco Oil Co.*, 33 A D 2d 634). Even if it were concluded that there was no discontinuance and that there had been no change from a nonconforming use for a period required, there was an abandonment. While it may be said that as a general rule the mere passage of time is insufficient to constitute an abandonment and usually an intent to abandon must be evidenced by some overt act (*Balm Realty* v. *State of New York*, 35 A D 2d 857; *City of Binghamton* v. *Gartell*, 275 App. Div. 457), it has been stated that "a protracted period of disuse, unaccompanied by circumstances which belie intent to abandon, may be regarded as an abandonment". (Anderson, Zoning Law and Practice in New York State, § 6.43, p. 160; see, also, *Curtiss-Wright Corp.* v. *Village of Garden City*, 185 Misc. 508, revd. 270 App. Div. 936, affd. 296 N. Y. 839; 67 N. Y. Jur., Zoning and Planning Laws, § 111.) We must conclude that any holding on these facts that there was no abandonment would defy reason and impede and defeat the spirit and purpose of zoning. Finally, the granting of the variance for the antique shop following the granting of a special use permit for a two-family house would violate the minimum acreage requirement of the zoning ordinance. Judgment modified, on the law and the facts, by reversing so much thereof as denied petitioner's application to annul and revoke variance granted for antique shop and, as so modified, affirmed, without costs. Cooke, Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., dissents and votes to affirm on the opinion of Conway, J., at Special Term. [70 Misc 2d 1060.]