■ In the Matter of the Arbitration between the BOARD OF EDUCATION OF CENTER MORICHES UNION FREE SCHOOL DISTRICT, Respondent, and CENTER MORICHES TEACHERS ASSOCIATION, NEW YORK STATE UNITED TEACHERS, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration the Center Moriches Teachers Association appeals from a judgment of the Supreme Court, Suffolk County, entered April 27, 1977, which granted the petition. Judgment affirmed, with $50 costs and disbursements. Arbitration was properly stayed on the primary ground that the parties' collective bargaining agreement contains no express and unequivocal agreement to arbitrate the subject dispute or, for that matter, any other grievance or controversy between the parties (see *Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*. 42 NY2d 509). Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ In the Matter of CARLINGTON CORP. et al., Appellants, v HARRY J. SIEGEL et al., Constituting the Board of Zoning and Appeals of the Town of North Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of North Hempstead which, after a hearing, denied petitioners' application, *inter alia,* for a conditional use permit, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated April 21, 1977, which denied the application and dismissed the petition. Judgment affirmed, with costs. We agree that the petition was properly dismissed and that the board's denial of petitioners' application was supported by substantial evidence. However, we note that the board indicated in its findings that the prior nonconforming use of the premises as a retail grocery store had been abandoned and that, as a result, pursuant to section 70-208L of the Town Code the nonconforming status had been lost. This finding was improper. The issue was neither raised at the public hearing nor included in the board's notice of decision. Furthermore, there is no abandonment of a nonconforming use when the discontinuance involves a temporary cessation of business, over which the owner has no control, or the inability to find a tenant, as occurred here (see 2 Rathkopf, Law of Zoning and Planning [3d ed], pp 61-9, 61-10; *City of Binghamton v Gartell,* 275 App Div 457). Suozzi, J. P., Gulotta, Margett and Hawkins, JJ., concur.