■ RONALD RORIE et al., Appellants, v WOODMERE ACADEMY, Respondent.—In an action, *inter alia,* to enjoin the defendant from using its property as a summer day camp and to recover damages, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered August 14, 1978, as, after a nonjury trial, dismissed the complaint and awarded defendant costs. Judgment reversed insofar as appealed from, on the law and as a matter of discretion, the first and third decretal paragraphs thereof are deleted, the plaintiffs' second cause of action is dismissed, without prejudice, and the action is remitted to Special Term for an immediate hearing in accordance herewith, with costs to abide the event. On the basis of the evidence adduced at Special Term, it is our belief that the "academic" aspects of defendant's curriculum at its proposed summer "school" are *de minimis,* and that it does not therefore come within the holding of *Incorporated Vil. of Brookville v Paulgene Realty Corp.* (24

Misc 2d 790, affd 14 AD2d 575, affd 11 NY2d 672). There, as was noted by Trial Term, approximately 70% of respondents' summer curriculum was devoted to "academic education" (p 791), which is hardly the situation here. We therefore conclude that defendant's proposed summer program can only be regarded as a "day camp" and, as such, that it constituted an impermissible use of the premises under the applicable zoning ordinance. The foregoing is not, however, the end of our inquiry, as it is hornbook law that if, as defendant alternately contends, the use of its premises as a summer day camp *predated* the present zoning ordinance, such usage, if not abandoned, may be continued as a vested nonconforming use (see *Matter of Concerned Citizens of Montauk v Lester,* 62 AD2d 171). As was stated in *Concerned Citizens of Montauk (supra,* pp 173-174): "Generally speaking, abandonment of a use is more than the temporary cessation of operations, or even their prolonged discontinuance *(Baml Realty v State of New York,* 35 AD2d 857; *City of Binghamton v Gartell,* 275 App Div 457; cf. *Matter of Deyo v Hagen, supra,* p 791), and requires the concurrence of two factors (1) nonuser, coupled with (2) an intent to abandon (see *Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 15) [However] it has also been held that 'a protracted period of disuse, unaccompanied by circumstances which belie [an] intent to abandon, may be regarded as an abandonment' *(Matter of Deyo v Hagen,* 41 AD2d 790, 791, *supra)."* In our opinion, although the present record is sufficient to establish the use of the defendant's premises as a summer camp prior to the enactment of the present zoning ordinance, it is insufficient to determine whether that usage was subsequently abandoned. The testimony adduced at Special Term was inconclusive in this regard and somewhat contradictory, and in the absence of any ruling on this particular issue by the trial court, it is our belief that the wisest course is to remit the matter for a further hearing at which the question may be fully explored. Accordingly, we are remitting the matter to Special Term for a further hearing into the limited question of defendant's right, if any, to operate a day camp on its premises as a prior nonconforming use. We pass upon no further issue. Gulotta, Margett and Mangano, JJ., concur; Shapiro, J., not voting.

Lazer, J. P., concurs as to the reversal of the judgment insofar as appealed from, but otherwise dissents and votes to grant judgment in favor of the plaintiffs to the extent of enjoining defendant from operating a summer day camp on its property, with the following memorandum: Although I agree that a reversal is indicated upon the ground that the defendant's proposed summer program is a day camp thus constituting an impermissible use of its premises, I do not believe that it is necessary or proper to remit the matter for a determination on the issue of nonconforming use. In nonjury cases it is within the province of this court to grant the judgment which, upon the evidence, should have been granted by the trial court *(De Mayo v Yates Realty Corp.,* 35 AD2d 700). Defendant argues on this appeal that, had Special Term reached the issue, the evidence adduced at the trial was sufficient to compel "the conclusion that [the summer program was the] continuation of a summer use of the premises established prior to the enactment of the zoning ordinance on January 30, 1930 and never abandoned by the School." Thus, defendant itself concedes that it had ample opportunity to prove its defense of legal nonconforming use and that the evidence is sufficient to enable this court to make a determination. If the proof adduced on the issue was, as the majority states, "inconclusive in this regard and somewhat contradictory," defendant must be deemed to have failed to make out the defense and there is no reason why it should be given

a second opportunity to do so. The evidence adduced upon the trial was that the property was used for a summer program from 1925 (prior to the adoption of the zoning ordinance in 1930) until 1957. While there is some evidence from which it may be speculated that the YMCA used the property for its summer programs until 1967 or 1968, there is nothing in the record to show that the property actually was used by the YMCA. The minutes of a meeting of defendant's board of trustees on October 23, 1958 show that the trustees discussed with apparent approval a request by the YMCA for use of the property for a six-week summer camp program. The minutes of February 16, 1967 report receipt of a letter from the YMCA informing the trustees that the YMCA was "quite concerned about not being allowed to use the school grounds for their summer program" and that it "would like reconsideration." On June 22, 1967 a motion to permit the YMCA to use the premises was made and carried. Defendant's counsel is careful to say in the brief that in 1958 the trustees approved the YMCA use "which *apparently* continued until 1967" (emphasis supplied). After that, there is silence until on April 22, 1971 the board discussed and tabled the idea of a Woodmere Academy Day Camp and rejected the request of the Atlantic Beach Day Camp for use of the property. Although a committee was appointed to study the possibility of letting the Atlantic Beach Day Camp use the property for a succeeding year, the rejection obviously stood. At several subsequent meetings it was noted that the feasibility of a summer camp was being studied. A report was rendered by the "summer camp committee" at the meeting of November 15, 1973, which apparently contained only a discussion of expenses, costs and comparative fee scales. It was not until the summer of 1978 that a school-sponsored summer day camp was finally established. In the absence of a zoning ordinance provision that nonuse for a specified period of time standing alone constitutes an abandonment of a legal nonconforming use (see, e.g., *Gauthier v Village of Larchmont,* 30 AD2d 303), abandonment occurs when there is a concurrence of nonuser coupled with an intent to abandon *(Matter of Concerned Citizens of Montauk v Lester,* 62 AD2d 171). There is no evidence in the instant record that the discontinuance of the summer camp use for surely 10 and perhaps 20 years was occasioned by circumstances over which the defendant had no control, nor is there any evidence of overt action on the part of the defendant manifesting an intent to use the property for the nonconforming use (see *Matter of Concerned Citizens of Montauk v Lester, supra;* see, also, *Matter of Carlington Corp. v Siegel,* 61 AD2d 813; *Village of Sands Point v Sands Point Country Day School,* 2 Misc 2d 885, affd 2 AD2d 769). Instead, from 1968 forward, there is evidence of desultory and very sporadic discussions of vague possibilities and, indeed, a categorical rejection of summer use on at least one occasion. In my opinion, the protracted period of disuse is unaccompanied by circumstances which belie an intent to abandon and must be regarded as an abandonment (see *Matter of Deyo v Hagen,* 41 AD2d 790). After at least 10 years of nonuser and a gross failure to prove the continuance of a nonconforming use when there was an opportunity to do so, to grant this defendant a further opportunity to adduce self-serving evidence of intent is hardly likely to promote justice. Therefore, I vote to reverse the judgment insofar as appealed from and grant plaintiffs judgment enjoining defendant from operating a summer day camp on its property.