■ WILLIAM J. COHN et al., Respondents, v MARIE M. ADLER, Individually and as Executrix of MURRAY S. ADLER, Deceased, Appellant, et al., Defendant.—In an action, *inter alia,* to compel specific performance of a contract for the sale of real

property, and to recover alleged overcharges for utilities, the defendant Marie M. Adler appeals from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated September 4, 1985, as denied her motion for summary judgment dismissing the complaint as against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arose out of option agreements for the purchase of real property known as 12 Medical Drive, Port Jefferson Station, Suffolk County, New York. The plaintiffs, the tenants, entered into leases containing options to purchase various buildings situated on the property, with the then landlord and owner of the premises, Murray S. Adler, who died in July 1982. The plaintiffs' complaint alleged, *inter alia,* that on or about January 18, 1984, they duly exercised their respective options but that the appellant, Marie Adler, as the executrix and trustee of Mr. Adler's estate, refused to sell the premises to them. This action was commenced and issue was joined by the service of a verified answer by the appellant. Subsequently, the appellant moved for summary judgment dismissing the complaint as against her. The appellant averred that on or about April 27, 1984, she sold the premises to the defendant Triport, Inc. (hereinafter Triport), a New York corporation, and therefore, she was unable to convey title to the premises to the plaintiffs. An affidavit by the president of Triport alleged that an offer to convey title to the premises in accordance with the option agreements was made to the plaintiffs by Triport but that the plaintiffs refused the offer, thus, allegedly rendering their complaint without merit.

Initially, it is noted that the appellant did not raise the defense of repudiation in her answer since that defense did not arise, if at all, until after issue was joined, when the plaintiffs allegedly refused Triport's offer. Since the appellant's motion for summary judgment is predicated upon a ground not pleaded as a defense in the answer, it should be denied, especially since surprise and prejudice would accrue to the plaintiffs *(see, Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090).

It is well settled that the proponent of a motion for summary judgment must first make a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851). We agree with Special Term that the appellant failed to sustain her burden of showing that no issue of fact exists with respect to whether

the plaintiffs repudiated their respective option agreements by their refusal of Triport's offer. A review of the record shows that the option agreements were conditioned, *inter alia,* upon the plaintiffs, as part of the purchase price, taking title subject to a first mortgage which was an existing lien on the premises in the amount of approximately $125,000 and by executing a second mortgage, at the same interest rate as the first mortgage, in the amount of $100,000. Triport claimed to have offered the premises to the plaintiffs under the identical conditions, while the plaintiffs contended that Triport's offer was substantially different in its terms. It appears that the first mortgage referred to in the option agreements was to have been a lien previously held by the Dime Savings Bank, rather than by Triport, and the interest rate was to have been approximately 10% rather than the 21½% as set forth by Triport. Since a question of fact exists which requires resolution at a trial, summary judgment was properly denied. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.