In the Matter of RICHARD C. SPICER et al., Respondents, v MARGARET HOLIHAN et al., Constituting the Zoning Board of Appeals of the Village of Piermont, Appellants, and S. HAZ-ARD GILLESPIE et al., Proposed Intervenors-Appellants.—

The petitioners purchased the subject premises located in the Village of Piermont, in late 1985. It is undisputed that the premises are situated in a strictly residential area, and had been operated as a tavern by the previous owner prior to zoning, and thereafter as a prior nonconforming use. The petitioners also concede that from the time they purchased the property, until the commencement of the instant proceeding in March 1988, they have not operated any type of business from these premises. The Village of Piermont Code § 112-85 provides that "whenever a nonconforming use has been discontinued for a period of one (1) year, such use shall not thereafter be re-established, and any future use shall be in conformity with the provisions of this chapter". Since the premises were dormant for a period of about 2½ years, we find that the petitioners did in fact discontinue the prior nonconforming use. Thus, the application for building permits allowing the petitioners to renovate and to operate a restau-

rant on the premises was properly denied by the Zoning Board of Appeals of the Village of Piermont.

Contrary to petitioners' contentions, the fact that they did not intend to abandon the prior nonconforming use, is irrelevant (see, Town of Islip v P.B.S. Marina, 133 AD2d 81; Matter of Sun Oil Co. v Board of Zoning Appeals, 57 AD2d 627). An ordinance concerning abandonment, such as the one in the instant case, automatically forecloses any inquiry as to the owner's intent to abandon (see, Matter of Sun Oil Co. v Board of Zoning Appeals, supra). Furthermore, we disagree with the Supreme Court that the Village Board of Trustees executed a valid waiver of Village of Piermont Code § 112-85. Initially, it is impossible to discern from the record the intended effect of the alleged waiver. Moreover, we find no authority for the Village Board's actions in this respect (see, Matter of Swartz v Wallace, 87 AD2d 926; see also, Matter of CBS Realty v Noto, 139 AD2d 645).

Finally, in light of the above, we find that the question of whether the Supreme Court improvidently exercised its discretion in denying the proposed respondents' motion to intervene is academic. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.