■ 202 DEVELOPERS, INC., Appellant-Respondent, v TOWN OF HAVERSTRAW et al., Respondents-Appellants.—Yesawich Jr., J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order and judgment of the Supreme Court (Kelly, J.), entered November 22, 1989 in Rockland County, which, upon reargument, *inter alia,* granted defendants' cross motion for summary judgment and declared that, *inter alia,* plaintiff's predecessor in title abandoned vested rights acquired to develop certain property.

In 1970, defendant Town of Haverstraw granted Kanaje Corporation site plan approval to construct 26 buildings containing 510 residential units on two sections of a 46-acre parcel of land in the Town in Rockland County. Although Kanaje completed only section I of the project, in the course of

doing so it purportedly built roads, utilities, and made other substantial improvements designed to service section II as well.

Thereafter, in 1974 Kanaje sought and eventually received approval for a revised site plan for section II, but no further construction was undertaken; the revision, purportedly designed to accommodate the Town, consisted of a reduction in the number of units to be built per acre. In 1985, plaintiff purchased the property from a successor in title to Kanaje. It applied to the Town for a building permit pursuant to Kanaje's approved revised site plan, but the permit was denied. After apparently first reserving its legal right to proceed under this plan, plaintiff then submitted an alternate site plan for approval. While the latter plan was under consideration, defendant Town Board of the Town of Haverstraw, adopted a new zoning ordinance in 1987 which provided that approval of final site plans would be effective for three years, after which time an applicant who had not completed more than 33% of an approved project would have to reapply for new approval (see, 1987 Zoning Ordinance of Town of Haverstraw § 38-4.175). Following denial of its alternative plan in 1988, plaintiff commenced this declaratory judgment action to declare that the new zoning ordinance was unconstitutional as applied to plaintiff's proposed use of its property and that plaintiff had vested rights to develop the parcel pursuant to the 1974 approved revised site plan.

Plaintiff moved for summary judgment and defendants cross-moved for similar relief. Supreme Court, after reargument, declared, inter alia, that Kanaje acquired vested rights to develop the property according to its revised site plan. But because the court further found that Kanaje abandoned these rights, it concluded that the zoning ordinance was not unconstitutional as applied to plaintiff's property. Therefore, the court granted defendants' cross motion. Plaintiff appeals from that portion of the disposition that declared that Kanaje abandoned acquired vested rights and that because of that abandonment the zoning ordinance could be constitutionally applied. Defendants cross-appeal from the court's declaration that Kanaje acquired vested rights to develop the property. We modify.

Initially, there is no merit to an argument permeating defendants' brief that this appeal was improperly pursued (see, Siegel, NY Prac § 532, at 834 [2d ed]). Additionally, the record amply supports Supreme Court's determination that Kanaje acquired a vested right to develop its property pursuant to the

revised site plan. Kanaje made substantial expenditures prior to the zoning change *(see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114, 122) and defendants did not challenge the utility, existence or extent of these expenditures *(compare, Ramapo 287 Ltd. Partnership v Village of Montebello,* 165 AD2d 544). Thus, the dispute is not whether vested rights were initially acquired, but, rather, whether having been acquired, Kanaje retained them; if so, they would continue for plaintiff's benefit as successor in title *(see, Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 14). But if relinquished, plaintiff cannot take advantage of them.

Preliminarily, we note that as defendants' cross motion was based on a defense not pleaded in their answer, i.e., abandonment, Supreme Court erred in granting defendants' motion for this reason *(see, Cohn v Adler,* 128 AD2d 749, 750; *Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). Regarding the merits, defendants essentially argue that because Kanaje did nothing to develop the property for 11 years after it gained site approval, that fact, without more, establishes Kanaje's intention to forego these rights. While it is indeed true, as plaintiff responds, that the mere passage of time alone is insufficient to divest one of such rights, if circumstances belying an intent to abandon do not accompany the prolonged disuse, abandonment may be fairly implied *(Rorie v Woodmere Academy,* 70 AD2d 908, 909, *appeal dismissed* 48 NY2d 753; *Matter of Deyo v Hagen,* 41 AD2d 790, 791). Here, other than the uncontradicted but conclusory assertion by plaintiff's counsel that "[Kanaje] was involved in a lengthy bankruptcy which * * * lasted at least five or six years", the record* provides no further explanation as to why the property was left untouched for so long. In short, the record is insufficiently developed to allow for any determination respecting whether Kanaje or plaintiff intended to abandon vested rights in the property. Accordingly, summary judgment is inappropriate at this time.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for summary judgment and declared (1) that the vested rights were abandoned, and (2) that 1987 Town

---

* Plaintiff appended to its brief on this appeal documentation of the chain of title and reprints of newspaper and magazine articles relating to the bankruptcy proceeding. Such material was not part of the record and therefore it has not been considered on appeal *(see,* Siegel, NY Prac § 530, at 832 [2d ed]).

of Haverstraw Zoning Ordinance § 38-4.175 was constitutional as applied to plaintiff's property; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.