■ 202 DEVELOPERS, INC., Appellant, v TOWN OF HAVERSTRAW et al., Respondents. [598 NYS2d 112] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Lefkowitz, J.), entered November 21, 1991 in Rockland County, which, inter alia, granted defendants' motion for leave to serve an amended answer.

The facts underlying this action, in which plaintiff seeks a judgment declaring a 1987 zoning ordinance unconstitutional

as applied, are recited in our previous decision *(see,* 175 AD2d 473). Following remittal of this matter to Supreme Court for further proceedings, defendants moved to amend their answer to allege as a 12th affirmative defense that any rights plaintiff acquired to develop the subject property had been "waived and/or abandoned". Plaintiff opposed the motion and cross-moved for, *inter alia,* an order striking the 11 previously pleaded affirmative defenses. Defendants' motion was granted and plaintiff's cross motion was denied.

Plaintiff seeks three things on appeal: (1) a declaration that defendants must bear the burden of proof with respect to their affirmative defense of abandonment, (2) an order precluding defendants from making another summary judgment motion without further developing the record, and (3) a reversal of Supreme Court's denial of plaintiff's motion to strike all of defendants' other affirmative defenses. We find no merit to plaintiff's arguments.

With regard to the last matter, nothing in the record indicates that Supreme Court addressed or had any need to address the merits of any of the other affirmative defenses. Furthermore, the questions before this Court on the previous appeal went solely to the propriety of Supreme Court's particular findings—whether plaintiff had acquired vested rights to develop its property in accordance with a plan adopted prior to the zoning change and had abandoned those rights—and thus do not serve to preclude any relief stemming from the other affirmative defenses *(see, Klingenstein v Coolidge Holding Co.,* 228 App Div 627). Because neither Supreme Court nor this Court made findings with regard to those other defenses, nor were such findings necessary to the decisions handed down in those prior proceedings, both parties remain free to litigate the issues raised therein.

As to the burden of proof, Supreme Court correctly determined that defendants bear the ultimate burden with regard to the defense of abandonment. The burden of producing evidence may shift during trial, but to prevail on the issue defendants must prove by a preponderance of the evidence that plaintiff abandoned its rights.

Plaintiff's request for an order precluding defendants from making a summary judgment motion without first further developing the record was properly denied. Defendants are free to make whatever motions they deem advisable. Should a motion ultimately prove to be frivolous, Supreme Court can impose appropriate sanctions.

Weiss, P. J., Mikoll, Levine and Casey, JJ., concur. Ordered that the order is affirmed, with costs.