In re ROUTE 202 DEVELOPERS, INC., Debtor.

ROUTE 202 DEVELOPERS, INC., Plaintiff,

v.

TOWN OF HAVERSTRAW, Defendant.

Bankruptcy No. 93 B 20948 (HS).
Adv. No. 93–5200A.

United States Bankruptcy Court, S.D. New York.

Nov. 23, 1993.

Bring Savad & Fein, Nanuet, NY, for plaintiff.

Kurtzman Haspel & Stein, Spring Valley, NY, for debtor.

Thurm & Heller, New York City, for defendant.

***DECISION ON MOTION BY DEBTOR AND CROSS–MOTION BY DEFENDANT FOR SUMMARY JUDGMENT REGARDING DEBTOR'S VESTED RIGHTS IN CERTAIN REAL PROPERTY***

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiff in the present adversary proceeding, Route 202 Developers, Inc. (the "debtor"), filed its Chapter 11 petition with this Court on May 10, 1993. The present action relates to rights in real property owned by the debtor and located in the town of Haverstraw, New York, the defendant in this action (the "Town" or "defendant"). The debtor has moved, pursuant to Federal Rule of Bankruptcy Procedure 7056, for summary judgment seeking a declaratory judgment that it has vested rights in the property at issue and that such rights have not been abandoned. The Town has similarly cross-moved for a summary judgment finding that the debtor has no vested rights in the property due to the abandonment of such rights by the debtor or debtor's predecessors in title.

*FACTS*

On June 10, 1970, the defendant granted Kanaje Corporation ("Kanaje"), the debtor's predecessor in title, site plan approval to construct 26 buildings containing 510 residential units on two sections of a 46 acre parcel of land located in the Town. Although Kanaje only completed section I of the project, it also built roads, utilities, and made other substantial improvements designed to service section II.

In 1972, the Town zoning code was revised to restrict development in general residential zones from 24 units per acre to 12 units per acre. Kanaje claimed that it did not have to comply with the new zoning requirements as it had acquired vested rights under the previous zoning code due to its construction of section I and the associated improvements. However, although claiming exemption from the new zoning code provisions, Kanaje proposed a compromise with the Town where it would reduce its development of section II to 14 units per acre from the 24 units per acre allowed under the original zoning code. On January 12, 1973, the Town's attorney recommended that the Planning Board accept the 14 units per acre density proposed by Kanaje.

On March 6, 1974, the Planning Board approved a revised site plan (the "Revised Plan") for section II of the property, pursuant to the compromise offer, incorporating restrictive covenants and granting the right to build 312 residential units on the property. No further construction, however, was undertaken by Kanaje.

In 1985, the debtor purchased the property from a successor in title to Kanaje. The debtor applied to the Town for a building permit pursuant to Kanaje's approved Revised Plan, but the permit was denied. After confirming its belief that it possessed rights to develop the 312 units approved under the Revised Plan, the debtor submitted an alternate site plan known as Granada Heights for approval.

In 1987, while the Granada Heights plan was under review, the defendant adopted a new zoning ordinance which provided that approval of final site plans would be effective for a period of three years, after which time an applicant who had not completed more than 33% of an approved project would have to reapply for new approval.

In 1988, following the defendant's denial of the Granada Heights alternate plan, the debtor commenced an action in state court to declare: (1) the new zoning ordinance unconstitutional as applied to debtor's proposed use of its property; and (2) that the debtor had vested rights to develop the parcel pursuant to the 1974 approved Revised Plan. *See 202 Developers, Inc. v. Town of Haverstraw*, No. 1258/88 (N.Y.Sup.Ct.1989). The Supreme Court of the State of New York, County of Rockland, following reargument, found that Kanaje had acquired vested rights to develop the property according to the Revised Plan. However, the court further found that Kanaje had later abandoned these rights. *Id.* The Supreme Court then granted defendant's cross-motion for summary judgment and both parties appealed the decision.

The Appellate Division, Third Department, affirmed the Supreme Court's vested rights determination but declared the record to be "insufficiently developed" to support the lower court's summary judgment ruling on the issue of abandonment and thus remanded the case for further determination on that issue. *202 Developers, Inc. v. Town of Haverstraw*, 175 A.D.2d 473, 572 N.Y.S.2d 517, 519 (1991). On remand, the Supreme Court granted the debtor's motion for reargument and found that while the initial burden of going forward on the issue of abandonment rested with the debtor, the ultimate burden of proof rested with the defendant. *202 Developers, Inc. v. Town of Haverstraw*, No. 1258/88 (N.Y.Sup. Ct.1992). The Appellate Division affirmed this finding. *202 Developers, Inc. v. Town of Haverstraw*, 193 A.D.2d 1004, 598 N.Y.S.2d 112 (1993).

The debtor has now moved, pursuant to Federal Rule of Bankruptcy Procedure 7056, for summary judgment on the debtor's complaint seeking a declaratory judgment declaring and confirming the validity, legality, and existence of the Revised Plan as property of the debtor's estate, and dismissing the defendant's answer. The defendant cross-moves for summary judgment seeking a declaratory judgment that the debtor has no current rights pursuant to the Revised Plan submitted by Kanaje in 1974.

## DISCUSSION

In a ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine whether there is no genuine issue as to any material fact such that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Bankr.P. 7056(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Further, any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose the motion by making a showing that a genuine issue as to a material fact exists that would support a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

The Supreme Court of the State of New York, County of Rockland, after reargument, found that Kanaje, the debtor's predecessor in title, had obtained vested rights in the property at issue. *202 Developers, Inc.*

*v. Town of Haverstraw,* No. 1258/88 (N.Y.Sup.Ct.1989), *rev'd on other grounds,* 175 A.D.2d 473, 572 N.Y.S.2d 517 (1991). This Court is bound by the state court's prior determination under the doctrine of *res judicata. See e.g., Kelleran v. Andrijevic,* 825 F.2d 692, 694 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988) (citing *Allen v. McCurry,* 449 U.S. 90, 96 (1980)). Therefore, the only issue which this Court need decide on the present summary judgment motion is whether, as a matter of law, the vested rights acquired by Kanaje under the Revised Plan of 1974 have been abandoned.

■ Under New York law, "an owner who has acquired vested rights may be divested of such rights [only] where there is abandonment, recoupment or an overriding benefit to the public to be derived from the enforcement of the amended zoning ordinance." *Schoonmaker Homes v. Village of Maybrook,* 178 A.D.2d 722, 576 N.Y.S.2d 954 (1991). Further, it has been held that "while mere non-use[ ] will not result in the forfeiture of a vested right, abandonment of the use will cause its loss. To constitute an abandonment two elements must concur: an intention to abandon and an actual relinquishment of a known right." *Larson v. Howland,* 124 N.Y.S.2d 754, 760 (Sup.Ct. 1953).

■ While *Larson* holds that intent must be proved to constitute an abandonment, the defendant cites the case of *Spicer v. Holihan,* 158 A.D.2d 459, 550 N.Y.S.2d 943 (1990) for the opposite proposition that intent to abandon is irrelevant when such abandonment is premised upon the operation of a nonconforming use abandonment statute. While it is clear that the discontinuance statute enacted by the Town as part of the Zoning Code of 1972 is such an abandonment statute, its retroactive application to the vested rights of the debtor's predecessor in title is questionable. Further, the facts of *Spicer* are distinguishable from those presented in the instant case.

The *Spicer* decision was based upon a situation where a former landowner had operated a tavern, a nonconforming use, prior to a residential zoning code being enacted which applied to the property in question. After the zoning code was passed, the landowner ceased operating the tavern for a period of 2 and one-half years and it was then that a subsequent owner sought approval to begin operation again. Thus, *Spicer* applies to cases where a landowner ceases a prior nonconforming use and then, subsequent to a new zoning code being enacted, wants to begin such use again. In the present case, the debtor's predecessor in title had a vested right to conduct a nonconforming use on the premises but neither began nor ceased such a use. Consequently, *Spicer* is not applicable to the present case and an intent to abandon on the part of the debtor or its predecessors in title must be proved by the defendant.

■ The question of whether the debtor, or its predecessors in title, had the requisite intent to abandon its vested rights or actually relinquished such rights is patently a material issue of fact which is not undisputed in the pleadings and accompanying materials.

The first disputed issue that exists is whether the debtor, or its predecessors in title, fulfilled its obligations pursuant to the 1974 Revised Plan and whether, if unfulfilled, this constituted an intent to abandon or a relinquishment. The second disputed issue is whether the debtor's predecessors' inaction in developing the property belies an intent to abandon the vested rights or whether such inaction was excused due to the bankruptcy proceedings in which the predecessors were engaged. The third disputed issue concerns what effect, if any, the debtor's filing of the Granada Heights plan had on the vested rights pursuant to the Revised Plan of 1974 and whether any such rights were relinquished thereby. The fourth disputed issue relates to the constitutionality, as applied, of the discontinuance ordinance found in the 1972 Town Zoning Code and its retroactive effect on the vested rights under the Revised Plan. The fifth disputed issue regards the public health, safety and welfare concerns raised by allowing the Revised Plan to go forward and whether such issues warrant a finding that the 1974 Revised Plan should not be effective. The final disputed issue concerns the applicability of the State

Environmental Quality Review Act to the Revised Plan and what effect it has on the Revised Plan if applicable.

Due to the multiple disputed issues of material fact, summary judgment is inappropriate and consequently debtor's motion and defendant's cross-motion are denied.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. Genuine issues of fact exist which preclude a judgment on the pleadings. Accordingly, debtor's motion and defendant's cross-motion for summary judgment are denied.