L. Barron Hill, J.
By this action, the Village of Sands Point, hereafter referred to as the “ Village ”, seeks to permanently enjoin the defendants from operating or conducting a school on their premises in said Village. A second cause of action to restrain defendants from operating a summer day camp has been withdrawn.
It is alleged by the Village that the operation of such school violates the zoning ordinances and regulations of the Village. It is conceded that defendants operated a school on the premises from July 1,1955, until August 25,1955, at which time the school operation was discontinued pending the outcome of this litigation.
*887 It is contended by the Village that, under its ordinances in force since May 18, 1953, the operation of a school in the residential district wherein defendants’ premises are located requires a certificate of occupancy and that defendants have failed to obtain such a certificate of occupancy.
It is conceded that defendants do not have any certificate of occupancy, but it is disputed as to whether or not defendants have applied for such certificate.
Defendants contend: (a) they have a vested right to operate a school on the premises which could not be affected by the ordinance amendment of May 18,1953, (b) that said amendment was not legally adopted, (c) the applicable zoning ordinances are unconstitutional under the State and Federal Constitutions and (d) the zoning ordinances are unconstitutional as applied to the particular premises.
The defendant, Marie L. Fetsch, became the record owner of the instant premises in the year 1948. At that time, and continuously until an amendment to the zoning ordinance of April 19, 1954 the premises could have been lawfully used for private school purposes without restriction. Since April 19, 1954 the ordinance provides for a conditional use of the premises as a private school, subject to the approval of the Board of Appeals in accordance with detailed standards and guides.
Prior to June, 1955 the premises were not used for school use but were used generally for residential use. Therefore, for a change in use after May 18, 1953 a certificate of occupancy was necessary if the amendment to the ordinance was validly adopted. This amendment provides: “ Sec. 504(c). No change shall be made in the use or type of occupancy of any existing building or plot of land unless a certificate of occupancy shall have been issued by the building inspector.”
I find that prior to April, 1954 defendants did request from the Village a certificate of occupancy and that in or about the month of February, 1954 an inspection for that purpose was conducted by the inspector of buildings of the Village. I also find that no action was taken by the Village on defendants’ application and that the permit was neither granted nor denied.
I cannot find in the ordinance, as submitted to me, any provision concerning mandatory action by the. Village where a certificate of occupancy is sought. "Where unreasonable delay is encountered, the applicant can, of course, resort to the courts to compel action. There is no reason, however, why such burden and expense should be cast upon an applicant, especially in circumstances where the municipal body is purposely dilatory.
*888 Under another ordinance of the Village relating to approval of plans filed with the planning board, it is provided that failure by the board to approve or disapprove within 30 days constitutes an approval (Village of Sands Point, Ordinance 10-A, art. VIII, § 801). An analogous provision is found in section 179-k of the Village Law, where 45 days is the limit.
It is a well-recognized principle of law that where no time for action is specified, the law will imply a reasonable time. A reasonable time has certainly elapsed in this instance to entitle defendants to a certificate of occupancy upon the payment of the $25 fee which I find they have duly tendered.
I should like to dispose of this phase of the action without considering the validity of the ordinance of May 18, 1953. In my opinion, the defendants have done everything reasonable to secure a certificate of occupancy, and they should not be required to continue to make requests for a certificate where their requests are ignored. The absence of the certificate, under the circumstances, should not afford the Village a basis for securing an injunction against these defendants.
Nevertheless, a remedy was available to the defendants of which they did not avail themselves by the way of a mandamus action to secure the certificate. Since, in my opinion, the ordinance was invalidly adopted, a determination on this point will completely dispose of any question concerning the certificate of occupancy.
The amendment, “ Sec. 504(c) ” has previously been set forth. It was adopted at a regular meeting of the Board of Trustees of the Village after a public hearing called for the purpose of amending the existing ordinance in relation to “ applications and permits and permit fees.”
Section 178 of the Village Law specifies the procedure to be followed in adopting zoning regulations. It requires a public hearing and that 15 days’ notice of the time and place of the hearing shall be published in a paper of general circulation in the Village. No form of the notice is specified. Since the Legislature does not require the performance of empty gestures, it must have intended to require the publication of a notice which reasonably apprises the public of the essence of the regulations to be adopted. They, then, could appear at the hearing and present their views to the board either in favor of or in opposition to the regulation.
It is significant that the record fails to show that any member of the public attended the meeting of May 18, 1953. And yet, by the adoption of section “ 504 (c) ” and other related sections, a material right of the public residing or owning property in *889 the Village was abrogated. Prior to the amendment, the defendants or any other person in the Village had an absolute right to change the use of their premises from one permitted use to another permitted use. With the adoption of the amendments of May 18, 1953 the absolute right became conditional. A change in use thereafter required a certificate of occupancy issued by the building inspector and the payment of a $25 fee.
Previous to May 18, 1953 article V of the ordinance labeled “ Applications and permits ” dealt solely with the erection of new buildings or the alteration of existing buildings. It contained no provisions relative to use of existing buildings.
I find, therefore, that the published notice which referred only to amending the ordinance in relation to ‘‘ application and permits and permit fees ” was not sufficiently reasonable to permit the adoption by the Board of Trustees on May 18, 1953 of said section “ 504 (c) ”. I, accordingly, hold said section is invalid and defendants are not required to comply therewith.
The effect of the amendment to the ordinance of April 19,1954 on the rights of defendants to operate a school must now be considered. It changed the defendants’ absolute right to conduct a school on the premises to a conditional right; defendants have not complied with its provisions.
It is my opinion, and I also find, that the defendants have established a vested right in themselves to conduct a school on the premises without compliance with the amendment of April 19, 1954.
I find from the evidence that since at least 1949 defendants Fetsch have manifested an intention, made known to the public by newspaper articles, brochures and other media, to use the premises for the conduct of a private school. They have since the purchase of the property, expended between $5,000 and $10,000 a year for the purpose of making the former estate suitable for the operation of a private school. During that time, they have paid taxes of about $3,000 a year. I do not believe that the circumstances of the defendants, Fetsch, permit them to indulge in such spending solely for residential purposes as is claimed by the Village.
The Village was given ample notice, prior to April 19,1954 of defendants’ intention to conduct a school on the premises as has been previously mentioned. The Village avoided action on defendants’ application for a certificate of occupancy, after a February inspection of the premises for that purpose, until after the April amendment.
I also believe that, in view, of the difficulties encountered by defendants in their dealings with the Village, they made *890 every reasonable effort to secure students and instructors relative to the stage of their preparation for opening. It would be naive for anyone to think that an estate of the type purchased by defendants could be converted overnight into a fully operating school. It must be remembered that from 1948 until April, 1954 defendants had an absolute right to open a school on the premises at their leisure. Suddenly the Village attempted to curtail this right, but the defendants’ state of preparation had, by then, been so far advanced, that the Village could not validly curtail their vested right.
It is unnecessary for me to consider the question of the constitutionality of the amendment of April 19,1954. The application for an injunction is denied and the complaint dismissed, with costs to defendants.
The foregoing constitutes the decision of this court in accordance with the provisions of the Civil Practice Act.
Settle order.