■ TRANS-TRADING CORPORATION, Respondent, v. TELETRONICS LABORATORY, INC., Appellant.— In an action to recover damages for breach of contract and for an accounting, the appeal is from a judgment awarding damages, interest and costs, entered after a trial of the issues before an Official Referee. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ VILLAGE OF SANDS POINT, Appellant, v. SANDS POINT COUNTRY DAY SCHOOL et al., Respondents.— In an action to enjoin the use of premises for a private school in violation of an amended zoning ordinance which prohibits such use without prior approval of the zoning board of appeals, the appeal is from a judgment dismissing the complaint on the merits, after trial, on the ground that a vested right to such use had been acquired prior to amendment of the ordinance. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

## (July 18, 1956)

■ HENRY KRAMER, Appellant, v. ANN D. LANDE, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ ERNEST ARON, Respondent, v. FLORENCE GILLMAN et al., as Administratrices D. B. N. of the Estate of DORA OSTROFF, Deceased, Appellants.— In an action for specific performance of an agreement providing for the sale of stock to the survivor of one of the two stockholders, the appeal is from so much of a judgment entered February 11, 1956 as denies appellants' motion to confirm the report of an Official Referee, grants respondent's cross motion to disaffirm said report, fixes and determines the book value of appellants' shares of stock to be $132,265.71, and modifies a judgment entered June 7, 1954 accordingly. Judgment entered February 11, 1956 unanimously affirmed, with costs. The judgment complies with the remission by the Court of Appeals to the Supreme Court for the finding of the book value and the computation of the appropriate figure and its ruling that the success or failure of the business after the death of appellants' intestate was a risk the purchaser assumed (*Aron* v. *Gillman*, 309 N. Y. 157, 164, 165, motion to amend remittitur denied 309 N. Y. 797). The judgment is in conformity with the provision in the agreement that the purchase price was to be paid in 18 equal monthly installments, the first of such monthly payments to be made within 30 days after the appointment of an executor or administrator. The taxes could be estimated and computed immediately upon the death. If the book value were dependent upon the actual taxes paid in 1954 for the entire year of 1953, it would have been impossible to comply with the agreement insofar as it provided for 18 equal monthly installments to commence within the aforesaid 30 days. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.