■ In the Matter of JOHN REBHAN et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF MILAN, Appellant. —Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hillary, J.), entered August 15, 1989 in

Dutchess County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent revoking a certificate of occupancy granted to petitioners.

On July 11, 1984, the Zoning Enforcement Officer (hereinafter ZEO) for the Town of Milan issued a certificate of occupancy to petitioners for a previously unoccupied structure on an adjoining parcel of land to that upon which they reside. In September 1984, William Anagnos, one of the adjoining property owners, applied for administrative review of the decision to issue the certificate of occupancy, contending that a septic system installed by petitioners was approximately 130 feet from his well and only 15 feet from petitioners' well, in violation of the regulations of the Dutchess County Department of Health which required a 200-foot distance between a septic system and a well. A hearing on Anagnos' application was held at a special meeting of respondent on January 28, 1985 and extensive testimony was taken and documentary evidence presented. Upon review of the record and further discussion, respondent voted on April 1, 1985 to revoke the certificate of occupancy granted by the ZEO on the grounds that the septic system was inadequate and not in conformity with the requirement of the County Department of Health. No application for review of respondent's decision under CPLR article 78, or otherwise, was instituted by petitioners.

Thereafter, although petitioners indicated that they would take the necessary steps to do so, their septic system was never brought into compliance. Nevertheless, in November 1987, petitioners reapplied for a certificate of occupancy to the new ZEO, who granted their application and issued a certificate, concluding that the prior revocation in 1985 resulted in an "injustice".

In early June 1988, Anagnos' wife was informed by her tenant that a certificate of occupancy had been issued to petitioners. On June 23, 1988, she applied to respondent for administrative review of the certificate previously issued by the ZEO and public hearings were thereafter held on July 20, 1988, September 14, 1988 and October 17, 1988, at which time the issues were explored by all parties and their respective attorneys. On December 2, 1988, respondent issued a decision and order revoking the certificate of occupancy issued on November 24, 1987, finding that the ZEO was without authority to issue the certificate solely upon his personal view that the prior revocation was an "injustice". In its decision, respondent also rejected the argument advanced by petitioners that

Anagnos' application for review was untimely since it was filed more than 60 days after the certificate of occupancy was issued, in violation of Town of Milan Zoning Ordinance § 414 (3). This proceeding ensued.

Supreme Court annulled respondent's determination, finding Anagnos' application for review untimely and, *inter alia,* "that respondent presented no evidence to rebut petitioners' evidence presented at the hearings in 1988 that the replacement of his pre-existing septic system in 1981 did not present a health hazard or a potential health hazard". We reverse.

Town of Milan Zoning Ordinance § 414 (3) provides, in relevant part, that an appeal to respondent for administrative review may be taken by any person aggrieved and that "[s]aid notice of appeal shall be filed within 60 days from the date upon which the *notice of refusal* of zoning permit or *refusal* of certificate of occupancy is mailed by the [ZEO]" (emphasis supplied). There is no time limit or procedure provided for notifying adjoining property owners of the *issuance* of a certificate of occupancy. Accordingly, Anagnos was entitled to a reasonable time after notice or knowledge of the *issuance* of the certificate of occupancy to file the request for administrative review *(see, Matter of Pansa v Damiano,* 14 NY2d 356, 359-360). Here, we find that the action taken by Anagnos was, in all respects, reasonable. Additionally, we find, on this record, that the ZEO was without power or authority to issue a certificate of occupancy in the face of the prior revocation of petitioners' certificate on April 1, 1985. Moreover, the record clearly demonstrates that petitioners failed to act and remedy the problems with the septic system which were the focal points and basis for the prior revocation. The burden to show compliance rests entirely with petitioners and, accordingly, upon their failure to sustain that burden, respondent's decision cannot be held to be arbitrary, capricious or not founded upon substantial evidence *(see,* Town Law § 267 [2]; *Matter of Cunningham v Planning Bd.,* 4 AD2d 313, 319; *cf., Matter of Paisley Dev. Corp. v Zoning Bd. of Appeals,* 58 AD2d 705, 706-707).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.