■ In the Matter of ROBERT SCHULTZ et al., Appellants, v TOWN OF RED HOOK ZONING BOARD OF APPEALS et al., Respondents. [740 NYS2d 235] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Red Hook Zoning Board of Appeals dated August 16, 2000, which found that the petitioners' appeal of a decision by the Town of Red Hook Zoning Enforcement Officer was untimely, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated February 7, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Pursuant to Town Law § 267-a (5), the petitioners had 60 days to submit an appeal after the Town of Red Hook Zoning Enforcement Officer filed a determination. The officer found on April 4, 2000, that the proposed development of a supermarket across the street from the petitioners by the respondent Martin's Foods of South Burlington, Inc., was a permitted use pursuant to the local zoning regulations. The officer filed his decision on that date. The petitioners, who were closely involved in proceedings before the planning board with regard to the project, maintained that they were unaware that a determination was made at that time. However, they admit they were aware of the determination on May 15, 2000.

The petitioners, therefore, still had approximately three weeks to submit a timely appeal. Nevertheless, the petitioners did not submit an appeal until June 23, 2000, almost three weeks after the limitations period had expired pursuant to the express terms of Town Law § 267-a (5). The petitioners fail to indicate how their lack of notice of the determination until May 15, 2000, prevented them from filing a timely appeal. Based on these circumstances, there is no unfairness in applying Town Law § 267-a by its express terms and in finding the petitioners' appeal untimely (see Matter of Pansa v Damiano, 14 NY2d 356; Matter of Rebhan v Zoning Bd. of Appeals of Town of Milan, 163 AD2d 728; Matter of Cave v Zoning Bd. of Appeals of Vil. of Fredonia, 49 AD2d 228; Matter of Highway Displays v Zoning Bd. of Appeals of Town of Wappinger, 32 AD2d 668). Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.