In the Matter of NANCY GJERLOW et al., Respondents-Appellants, v ROBERT J. GRAAP, Respondent, and LEONARDO LEBRUN et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of LEONARDO LEBRUN et al., Appellants-Respondents, v ZONING BOARD OF APPEALS OF TOWN OF BEDFORD et al., Respondents. (Proceeding No. 2.) [842 NYS2d 580]—

In related proceedings, which were joined for disposition, pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the Town of Bedford dated February 9, 2005, which, after a hearing, in effect, vacated a determination of Robert J. Graap, in his capacity as Code Enforcement Officer of the Town of Bedford, dated June 16, 2004, directing Nancy Gjerlow and Robert Gjerlow to apply for a building permit within 90 days to construct a main dwelling on certain real property owned by them, and instead determined that Nancy Gjerlow and Robert Gjerlow shall be permitted to continue to reside on the real property in an accessory dwelling without applying for a building permit to construct a main dwelling, and that any successor owner shall have a period of two years to apply for and receive a building permit to construct a main dwelling and thereafter diligently pursue such construction to completion, Leonardo LeBrun and Lara LeBrun appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 24, 2005, as, upon so much of an order of the same court dated September 30, 2005, as denied the petition in proceeding No. 2, dismissed that proceeding, and Nancy Gjerlow and Robert Gjerlow cross-appeal from so much of the same judgment as, upon so much of the order as denied the petition in proceeding No. 1, dismissed that proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying those branches of the petition of Leonardo LeBrun and Lara LeBrun in proceeding No. 2 which were to annul so much of the determination dated February 9, 2005 as determined that Nancy Gjerlow and Robert Gjerlow shall be permitted to continue to reside on the real property in an accessory dwelling without applying for a building permit to construct a main dwelling and that any successor owner shall have a period of two years to apply for and receive a building permit to construct a main dwelling and thereafter diligently pursue such construction to completion, and dismissing that proceeding, and substituting therefor a provision granting those branches of the petition of Leonardo LeBrun and Lara LeBrun in proceeding No. 2 and annulling those portions of the determination dated February 9, 2005; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the order dated September 30, 2005 is modified accordingly, and the matter is remitted to the Zoning Board of Appeals of the Town of Bedford for further proceedings consistent herewith.

In 1980 Nancy Gjerlow and Robert Gjerlow purchased a 17.756-acre horse farm located in an area within the Town of Bedford that is zoned for single-family residences on minimum four-acre lots. The zoning ordinance defines a "cottage" as a "dwelling unit within an accessory building which is incidental and subordinate to a principal one-family residence . . . where either unit is occupied by the owner of the premises" (Town of Bedford Code § 125-3).

The Gjerlows applied for a variance permitting them to build a "cottage," which they would live in prior to and while building a main residence, and the Zoning Board of Appeals of the Town of Bedford (hereinafter the ZBA) adopted a resolution granting them a variance "to permit construction of a 1711 square foot caretaker's cottage prior to construction of the main building" (hereinafter the 1982 variance). The 1982 variance did not set any period of time within which the property owners were required to construct the main building. The Gjerlows built the "cottage" and have resided there to the present, without ever having built a main residence.

In 2003 Leonardo LeBrun and Lara LeBrun acquired the 20-acre property adjoining the Gjerlow property, and thereafter complained to the Building Inspector of the Town of Bedford that the Gjerlows had not complied with the 1982 variance and were illegally continuing to live in the cottage located within 17 feet of their property. Robert J. Graap, in his capacity as Code

Enforcement Officer of the Town of Bedford, determined that the Gjerlows were in violation of the 1982 variance because they resided in the cottage since its construction without building a main dwelling. The Code Enforcement Officer therefore directed the Gjerlows to apply for a building permit to construct a main dwelling within 90 days, and the Gjerlows appealed to the ZBA. Following a hearing, the ZBA determined that the Code Enforcement Officer had correctly interpreted the 1982 variance as requiring construction of a main dwelling within a reasonable period of time, a requirement the Gjerlows failed to meet. However, upon consideration of the particular facts and equities of the situation, the ZBA, in effect, vacated so much of the Code Enforcement Officer's determination as directed the Gjerlows to apply for a building permit within 90 days to construct a main dwelling, and instead determined that the Gjerlows shall be permitted to continue to reside on their property in the cottage without applying to construct a main dwelling. However, the ZBA directed that when the Gjerlows cease to own the property the successor owner shall have a period of two years to apply for and receive a building permit to construct a main dwelling and diligently pursue such construction to completion.

The Gjerlows commenced a CPLR article 78 proceeding to review the ZBA's determination, contending that the 1982 variance did not require a main residence to be built at all. The LeBruns commenced a separate article 78 proceeding to review the ZBA's determination, contending, inter alia, that the ZBA abused its discretion in permitting the Gjerlows to reside on their property in a cottage without being obligated to apply for a building permit and construct a main dwelling. The LeBruns were granted leave to intervene in the Gjerlow proceeding, and the two proceedings were joined for disposition. The Supreme Court denied both petitions and dismissed the proceedings. The LeBruns appeal and the Gjerlows cross-appeal from the judgment.

Judicial review of administrative agency determinations is limited to whether the action taken by the agency was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). Further, "a zoning board's interpretation of its zoning ordinance is entitled to great deference, and will not be overturned by a court unless unreasonable or irrational" (*Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton*, 7 AD3d 710, 711 [2004]; *see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]).

Contrary to the Gjerlows' contention, the Code Enforcement Officer and the ZBA rationally interpreted the 1982 variance as granting the Gjerlows exactly what they requested, which was permission to construct an accessory building prior to constructing a main dwelling. In effect, a condition of the 1982 variance was that the Gjerlows were required to build a main dwelling on the property. The Gjerlows did not request and were not granted a variance permitting them to construct only an accessory building with an open-ended option to construct a main dwelling. Although the 1982 variance did not specify a time for compliance with the condition that a main dwelling be built, it is a "well-recognized principle of law that where no time for action is specified, the law will imply a reasonable time" (*Village of Sands Point v Sands Point Country Day School*, 2 Misc 2d 885, 888 [1955], *affd* 2 AD2d 769 [1956]; *see Matter of Rebhan v Zoning Bd. of Appeals of Town of Milan*, 163 AD2d 728, 730 [1990]; *Mocca Lounge v Misak*, 94 AD2d 761 [1983]).

In this respect, the ZBA also rationally determined that under all of the circumstances, it was unreasonable for the Code Enforcement Officer to direct the Gjerlows to apply for a building permit to constuct a main dwelling within 90 days. However, the ZBA acted arbitrarily and capriciously in permitting the Gjerlows to have an open-ended exemption from constructing a main dwelling while directing that any successor owner comply with such condition within two years of the property's transfer. Such a determination violates the "fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it" (*Village of Valatie v Smith*, 83 NY2d 396, 403 [1994] [internal quotation marks omitted]; *Matter of St. Onge v Donovan*, 71 NY2d 507, 511 [1988]; *see Matter of Holthaus v Zoning Bd. of Appeals of Town of Kent*, 209 AD2d 698, 699 [1994]). Regardless of who owns the subject property, enforcement of the 1982 variance requires that an application for a building permit and construction of a main dwelling take place within a reasonable period of time. Accordingly, the Supreme Court should have granted those branches of the LeBruns' petition which were to annul so much of the ZBA's determination as permitted the Gjerlows to continue to reside on the property without applying for a building permit to construct a main dwelling and directed that any successor owner shall make such application and diligently pursue such construction to completion within two years of the property's transfer. We therefore modify the judgment accordingly and remit the proceeding to the ZBA to fix a reasonable time for compliance with the condition of the 1982 variance that a main dwelling be constructed on the subject property. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.