■ In the Matter of FRANK E. HEALEY, JR., et al., Respondents, v TOWN OF EAST FISHKILL ZONING BOARD OF APPEALS et al., Appellants, et al., Respondent. [855 NYS2d 239]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of East Fishkill Zoning Board of Appeals, dated September 13, 2005, which, after a hearing, granted the application of McGough Realty Corp. and R.I.C. Construction Corp. for an area variance with respect to road frontage, the Town of East Fishkill Zoning Board of Appeals and Town of East Fishkill appeal, and McGough Realty Corp. and R.I.C. Construction Corp. separately appeal, from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated August 3, 2006, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with one bill of costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed.

The finding by the Town of East Fishkill Zoning Board of Appeals (hereinafter the Board), that pursuant to East Fishkill Town Code § 194-130 (C), the subject property is of legal size because it is a pre-existing, nonconforming lot, was rational and reasonable (*see Matter of Gjerlow v Graap*, 43 AD3d 1165, 1167 [2007]). In view of that finding, an area variance with respect to lot size was not required.

However, since the lot has frontage only on Smalley Lane, which is not a Town road, it was necessary to obtain an area variance given the requirement that a buildable lot have frontage on a Town road. In granting that variance, the Board noted that no other variances were required and, after reviewing the application and a short-form environmental assessment form, found that granting the variance would have no adverse effect or impact on the community or surrounding area.

In its determination, the Board stated why granting the variance was proper after engaging in the balancing test required

by Town Law § 267-b (3) (b), weighing the benefit to the applicant against any alleged detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 612 [2004]; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals,* 43 AD3d 926 [2007]; *Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport,* 24 AD3d 550 [2005]).

The petitioners' remaining contentions are without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.