In the Matter of BLUM & BELLINO, INC., et al., Appellants, v TOWN OF GREENBURGH et al., Respondents. [872 NYS2d 172]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town of Greenburgh Zoning Board of Appeals filed March 17, 2008, which, after a hearing, affirmed a determination of John Lucido, as Building Inspector of the Town of Greenburgh, dated June 21, 2007, in effect, revoking a permit for a business sign on the ground that the sign did not comply with the Zoning Ordinance of the Town of Greenburgh and denied the petitioners' application for an area variance for the sign, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered July 28, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners Stephanie Bellino and James Bellino own a

home in a one-family residence district in the Town of Greenburgh. Pursuant to a permit authorized by John Lucido, as Town Building Inspector, they erected a lawn sign outside their home advertising the petitioner Blum & Bellino, Inc., a real estate business operated out of the home. However, Lucido, in effect, revoked the permit and Ordered the sign removed after he determined that it did not comply with the Sign and Illumination Law of the Town's Zoning Ordinance (Code of Town of Greenburgh, ch 240; Local Law No. 11 [1969] of Town of Greenburgh, hereinafter the Sign and Illumination Law) as to size. The petitioners challenged the revocation before the Town of Greenburgh Zoning Board of Appeals (hereinafter the ZBA) and, alternatively, sought an area variance permitting them to maintain the oversized sign. In a single determination, the ZBA rejected the challenge and denied the area variance. The petitioners commenced this proceeding, inter alia, pursuant to CPLR article 78 to challenge the determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The ZBA's determination that the petitioners' sign violated the Sign and Illumination Law with respect to maximum size was neither unreasonable or irrational (*see Matter of Louchheim v Zoning Bd. of Appeals of Town of Southampton,* 44 AD3d 771 [2007]; *Matter of Gjerlow v Graap,* 43 AD3d 1165 [2007]; Code of Town of Greenburgh § 240-3 [C] [16]). Further, the Sign and Illumination Law, as applied to the petitioners' sign, is not preempted by Real Property Law § 441-a (*see generally DJL Rest. Corp. v City of New York,* 96 NY2d 91, 94-96 [2001]; *Consolidated Edison Co. of N.Y. v Town of Red Hook,* 60 NY2d 99, 108 [1983]). Also, the ZBA's denial of the requested variance was not illegal, arbitrary, or an abuse of discretion, and had a rational basis (*see Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals,* 50 AD3d 683 [2008]; *see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]).

The petitioners' remaining contentions are either not properly before this Court on appeal or without merit. Santucci, J.P., Leventhal, Belen and Chambers, JJ., concur.